515 F.Supp. 19 (1981)
Delores LAWHORN, Plaintiff,
v.
TRANS UNION CREDIT INFORMATION CORP., Defendant.
No. 80-1600C(2).
United States District Court, E. D. Missouri, E. D.
May 26, 1981.
M. Kathleen O'Blennis, St. Louis, Mo., for plaintiff.
Margaret M. Mooney, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motion for partial summary judgment. Plaintiff brought this suit pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff contends that defendant has violated the Act in two respects: defendant allegedly has failed to follow reasonable procedures in the preparation of consumer reports about plaintiff to assure maximum accuracy of the information therein, in violation of 15 U.S.C. § 1681e(b), and defendant has allegedly failed to include in consumer reports about plaintiff statements filed by plaintiff contesting the accuracy of information in the reports, as required by 15 U.S.C. § 1681i(c). Plaintiff seeks actual and punitive damages, as well as costs and attorneys' fees, for defendant's allegedly negligent and willful violations of the Act. See 15 U.S.C. § 1681n and 1681o.
The instant motion for summary judgment relates to the statute of limitations. 15 U.S.C. § 1681p requires, except in limited circumstances not relevant here, that suits under the Act must be brought within two years from the date on which liability arises. This suit was filed on November 12, 1980. Plaintiff complains of a series of alleged violations which have resulted in the denial of credit by various retailers dating back to 1977, some of which obviously *20 occurred more than two years prior to the filing of the instant suit.[1] Plaintiff contends, however, that defendant's violations are in the nature of a continuing violation, since the liability allegedly arises from defendant's system of reporting itself, rather than from individual instances of inaccurate information reported about plaintiff. Plaintiff contends, for instance, that defendant's utilization of the code 09 for "bad debt; placed for collection; suit; judgment; bankrupt; skip" fails to differentiate the widely varying nature of the elements grouped therein and constitutes a failure to follow reasonable procedures to assure maximum accuracy of the information reported. Likewise, plaintiff contends that defendant's practice of merely noting "See Consumer Statement" on consumer reports, without including a copy or summary of the report, constitutes a violation of 15 U.S.C. § 1681i(c). This Court finds itself in complete agreement with the Honorable Edward L. Filippine, and can not agree that the violations alleged by plaintiff constitute continuing violations. See Kaufman v. Trans Union Systems Corporation Credit Information Corporation of St. Louis, No. 80-1218C(3) (May 4, 1981). Rather, liability arises, if at all, when defendant's practices lead to the preparation of an erroneous or incomplete consumer report.
Section 1681p requires that suit be brought "within two years from the date on which liability arises." Liability arises when defendant negligently or willfully "fails to comply with any requirement imposed" by the Act. 15 U.S.C. §§ 1681n and 1681o. Section 1681e(b) requires that:
(b) Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. (emphasis added).
Likewise, § 1681i(c) requires that:
(c) Whenever a statement of dispute is filed, unless there is reasonable grounds to believe it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof. (emphasis added).
It is clear that no general, omnipresent responsibility is imposed by these sections. Rather, these sections impose obligations only in the context of the preparation of a consumer report.
The preparation of each report without following reasonable procedures would constitute noncompliance with a requirement of the Act, and the date of the report would signal the beginning of the running of the statute of limitations.
Kaufman, id., slip op. at 4. See, also, Lowry v. Credit Bureau, Inc. of Georgia, 444 F.Supp. 541, 544 (N.D.Ga.1978) ("This section imposes an obligation to insure maximum accuracy only in the preparation of a report.")
Defendant's motion for partial summary judgment will therefore be granted. Plaintiff will not be allowed to recover for any inaccurate or incomplete consumer reports which predate November 12, 1978.
NOTES
[1] In her complaint, plaintiff mentions only the denial of credit on three occasions in early 1980. The only mention of prior events relates to plaintiff's submission of statements to defendant in an attempt to clarify certain alleged inaccuracies in the reports issued concerning plaintiff. Throughout this litigation, however, plaintiff has continually indicated an intention to attempt to recover for many previous incidents. On this motion for summary judgment, therefore, this Court will view plaintiff's allegations broadly, and will assume plaintiff seeks to recover for all previous incidents.