Thomas C. Branca (Argued), Norristown, Pa., for appellant.

Steven A. Asher (Argued), Miles B. Rittmaster, LaBrum & Doak, Philadelphia, Pa., for appellees.

Before ALDISERT, Chief Judge, GARTH, and SLOVITER, Circuit Judges

**Joseph M. HOUGHTON, Appellant,**

v.

**The INSURANCE CRIME PREVENTION INSTITUTE and John Andrew Hoda.**

**No. 85–1663.**

United States Court of Appeals, Third Circuit.

Argued June 2, 1986.

Decided July 14, 1986.

As Amended July 17, 1986.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

Joseph M. Houghton, who had filed a complaint under the Fair Credit Reporting Act, ("FCRA" or "Act"), 15 U.S.C. § 1681–1681t, appeals from the order dismissing his complaint as time barred. He argues that the district court should have applied the discovery rule to the two-year statute of limitations set forth in the Act. It is a narrow, but novel, issue. We agree with the district court that the complaint is barred, and we will affirm the district court's order.

### I.

### FACTS

On November 29, 1984, Joseph M. Houghton filed a complaint alleging that defendants, The Insurance Crime Prevention Institute (ICPI), an organization funded by property and casualty insurance companies, and John Andrew Hoda, an employ-

ee of ICPI, violated the FCRA, 15 U.S.C. § 1681q, by obtaining under false pretenses information on a consumer from a consumer reporting agency. The complaint alleged that on or about July 6, 1982, Hoda, on behalf of ICPI, an agency which seeks to investigate suspected fraudulent claims, submitted to the Mid-East Index Bureau, a division of Central Index Bureau (CIB), card files stating that Houghton was involved in an accident on October 15, 1980 and that he had made a claim with Kemper Insurance Company regarding the accident. Houghton contends this information was false and fraudulent, because he was not involved in an accident on that date, had made no claim with Kemper as of that time, and had no bodily injury claim pending with Kemper at that time. The complaint alleges that defendants knew or should have known that this information was false and fraudulent and that defendants submitted the information to CIB so that, in return, defendants could obtain from CIB its accumulated confidential medical records, documents and information from other insurance carriers about Houghton.[1]

The complaint alleges that defendants had no permissible purpose under FCRA, 15 U.S.C. § 1681b, to obtain the information from CIB, a consumer reporting agency within the meaning of the Act, and that defendants disseminated to others the information received with the specific intent to discredit and harass plaintiff and to interfere in his personal affairs. Houghton sought compensatory and punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

Defendants filed an answer on January 14, 1985, denying the material allegations in the complaint and asserting an affirmative defense that the complaint was barred by the two-year applicable statute of limitations set forth in FCRA, 15 U.S.C. § 1681p. At the same time defendants filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) on this ground. Since

the action complained of took place on July 6, 1982, it is apparent that the complaint filed November 29, 1984 was not filed within the two-year period.

Houghton then amended the complaint to include the following paragraph:

Plaintiff did not become aware of the existence of said [index] card ... prior to October 24, 1983, when a copy of said card was forwarded to plaintiff's counsel by the Secretary and Counsel of the American Insurance Association.... Moreover, plaintiff exercised all due diligence in obtaining said card and could not have obtained said card sooner, as plaintiff on numerous occasions prior to October 24, 1983, demanded of CIB all cards and reports in their possession regarding plaintiff, but said card was either inadvertently or intentionally withheld until October 24, 1983.

By this amendment, Houghton sought to invoke the discovery rule to toll application of the two-year statute of limitations until his discovery of the relevant facts.

The district court then granted the motion to dismiss, holding:

Plaintiff's amended complaint is barred by the two-year statute of limitation in the Fair Credit Reporting Act, 15 U.S.C. § 1681p, and does not come within the "discovery" exception therein since the disclosure was not one required to be disclosed by defendants to plaintiff and the Central Index Bureau, which made the disclosure to its subscribers, is not a defendant.

## II.

### FAIR CREDIT REPORTING ACT

The Fair Credit Reporting Act was passed in 1970 to insure that consumer reporting agencies exercise their "grave responsibilities" regarding the "assembling and evaluating [of] consumer credit and other information on consumers" with "fairness, impartiality, and a respect for the consumer's right to privacy." 15

---

**1.** The parties explained at oral argument that CIB works under a cooperative arrangement permitting access to its information only to those who provide it with information.

U.S.C. § 1681(a)(3) and (4). Congress found that the "banking system is dependent upon fair and accurate credit reporting" and that an "elaborate mechanism [had] developed" concerning the credit and general reputation of the consumer. § 1681(a)(1) and (2).

The Act provides that a consumer reporting agency may furnish a consumer report in certain enumerated circumstances and no other. 15 U.S.C. § 1681b. The Act provides for both criminal penalties, 15 U.S.C. § 1681q, and civil liability, 15 U.S.C. §§ 1681n & 1681o, which may include compensatory and punitive damages, costs and attorneys' fees. The United States district courts have jurisdiction over suits brought under the statute. 15 U.S.C. § 1681p.

The Act contains a statute of limitations, limiting suit to two years from the date the liability arises, with one exception. The applicable section provides:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p.

### III.

### DISCUSSION

Since the complaint was admittedly filed more than two years after the alleged violation of the Act, the only basis appellant argues to overturn the dismissal is by application of the discovery rule to the statute of limitations. Appellant cites to various state cases which, in the consumer context, have tolled the limitations statute until discovery by plaintiff of the wrongful act. *See, e.g., Sears, Roebuck and Co. v. Ulman,* 287 Md. 397, 412 A.2d 1240 (Ct. App.1980) (tort action against retailer for false report of delinquency); *Kelly v. Rinkle,* 532 S.W.2d 947 (Tex.1976) (action for libel to credit reputation); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 334 N.E.2d 160 (1975) (defamation action against credit reporting agency).

Appellant contends that these cases are applicable to the facts at bar since, despite due diligence, he did not become aware, nor could he have become aware, of the fraudulent submission of a false report until CIB finally released the report to him, which was October 24, 1983. His suit was filed within two years of that date. He argues that as a matter of policy, and in the interest of justice, the time in which an injured party should have the right to sue for the wrongful submission of false information to a consumer reporting agency should be counted from the date of discovery.

If Houghton prevails on his legal position that a plaintiff has two years from the discovery of the violation, it would be irrelevant that in this case he would have had sufficient time to have filed his action in the period between October 1983 when the information was released to him and July 1984 when the statute of limitations barred the action. If a discovery rule is not applied, other plaintiffs would be barred from suit even if they were unaware of the relevant facts throughout the entire statutory period. Nonetheless, we cannot accept the extension of the discovery rule to this statute.

In *Northern Metal Co. v. United States,* 350 F.2d 833, 836–37 (3d Cir.1965), we stated in dictum that the statute of limitations may be tolled until the discovery by an innocent plaintiff of the wrongful act, whether the statute is deemed to be remedial, *i.e.,* limiting a common law right, or whether the time limitation is substantive, *i.e.,* fixed by the same statute that creates

the cause of action. *See also Pipe and Construction Co. v. Utah,* 414 U.S. 538, 557–59, 94 S.Ct. 756, 768–69, 38 L.Ed.2d 713 (1974) (tolling may occur whether or not statute of limitation is substantive); *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 426, 85 S.Ct. 1050, 1053, 13 L.Ed.2d 941 (1965) (same). However, when we are dealing with a substantive statute of limitations, we cannot ignore our obligation to determine whether tolling the statute of limitations under the discovery rule, or for any other reason, is consistent with the congressional purpose. *See Bowen v. City of New York,* ── U.S. ──, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Burnett v. New York Central R.R. Co.,* 380 U.S. at 426, 85 S.Ct. at 1053.

In examining the statute of limitations set forth in the FCRA, the plain language of the Act shows Congress' intent to permit tolling of an FCRA action only in a precisely defined situation. By its terms, it only permits tolling in the case of a material and willful misrepresentation by a defendant of information required to be disclosed under the Act which is material to defendant's liability. Plaintiff does not challenge the district court's holding that the statutory tolling provision does not apply to these defendants because none of the disclosure provisions of the Act imposed an obligation on these defendants to disclose to plaintiff the information pertinent here. CIB, the one entity which arguably had such an obligation, an issue we do not decide here, was not made a defendant in this lawsuit. *See* 15 U.S.C. §§ 1681d, g, k, m.

If we construe the statute as permitting us to imply a discovery exception to circumstances other than the one which Congress explicitly set forth, we would be rendering superfluous the discovery exception which Congress did set forth. This we may not do. The Supreme Court has stated that where Congress has enunciated an exception to a general prohibition, "additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent." *See Andrus v. Glover Construction Company,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980). In this case, the statutory language clearly evidences the legislative intent. If the discovery rule is to be made generally applicable to FCRA cases, it must be done by congressional action.

## IV.

### CONCLUSION

For the foregoing reasons, we will affirm the order of the district court granting defendants' motion for judgment on the pleadings and dismissing the case.