Gary L. **WILSON** and Lois H. Wilson, Plaintiffs,

v.

**PORTER, WRIGHT, MORRIS & ARTHUR, etc., et al.,** Defendants.

No. 95–2393–CIV.

United States District Court, S.D. Florida.

Jan. 8, 1995.

Les Stracher, Stracher & Harmon, P.A., Fort Lauderdale, Florida, Lawrence P. Kuvin, Kuvin, Lewis, Restani & Stettin, P.A., Fort Lauderdale, Florida, for plaintiffs.

Spencer L. Silvergate and Eric L. Lundt, Clarke, Silvergate, Williams & Montgomery, Miami, Florida, for Equifax Credit Information Services, Inc.

John Hartranft, Porter, Wright, Morris & Arthur, Columbus, Ohio, Willard J. Cecil, Porter, Wright, Morris & Arthur, Naples, Florida, for Porter, Wright, Morris & Arthur, etc., et al.

### ORDER GRANTING IN PART DEFENDANT EQUIFAX' MOTION TO DISMISS, ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR REMAND AND ORDER OF REMAND

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant Equifax' Motion to Dismiss (docket no. 4), filed on November 13, 1995, and Plaintiffs' Motion for Remand (docket no. 11), filed on December 11, 1995.

### FACTUAL BACKGROUND

Plaintiffs Gary L. Wilson and Lois H. Wilson are suing the law firm of Porter, Wright, Morris & Arthur, P.A., several employees of the law firm and Equifax Credit Information Services, Inc. (hereinafter referred to as Equifax), a credit reporting agency. Porter, et al., allegedly requested a credit report from Equifax on Plaintiff Gary L. Wilson. These reports were provided to Porter, et al., by Equifax on April 19, 1993 and again on May 17, 1993. The Plaintiffs brought this suit in state court on September 15, 1995, alleging violations of the Fair Credit Reporting Act (hereinafter referred to as FCRA), 15 U.S.C. § 1681 et seq., and also alleging several state law claims. The case was removed to Federal Court by Equifax on October 30, 1995, on the basis that the Court had original jurisdiction over FCRA claims as set out in 15 U.S.C. § 1681p. Defendant Equifax filed its Motion to Dismiss on November 13, 1995, seeking a dismissal of all the counts in Plaintiffs' Complaint brought against Equifax. The Court held a hearing on Equifax' Motion to Dismiss on December 21, 1995.

### LEGAL STANDARD

A court will not grant a motion to dismiss unless the plaintiff fails to prove any facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well pleaded facts as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948 (11th Cir.1986).

### LEGAL ANALYSIS

Count II of Plaintiffs' Complaint alleges that Equifax violated certain provisions of the FCRA.[1] Defendant Equifax argues that Count II should be dismissed because it is barred by the applicable statute of limitations found in 15 U.S.C. § 1681p. This section requires that an action under the FCRA be brought within two years from the date that liability arises, except that a FCRA claim may be brought at any time within two years after discovery where the Defendant has materially and willfully misrepresented information required to be disclosed to the consumer.

The alleged violations of the FCRA by Equifax occurred when the credit reports were issued. The record reflects that the credit reports were issued on April 19, 1993 and again on May 17, 1993. Defendant Equi-

---

**1.** Count I of Plaintiffs' Complaint contains a similar FCRA claim against Defendant Porter, et al. The record reflects that Porter, et al. has not yet been served. Regardless of this fact, the Court will treat Counts I and II similarly and therefore rule on both Counts in the same manner.

fax argues that Plaintiffs' FCRA claim is time barred because the suit was filed on September 15, 1995, well over two years after the last alleged violation by Equifax. Equifax also argues that the limited discovery exception in § 1681p is inapplicable here because (1) the Plaintiffs have not alleged that Equifax willfully or intentionally misrepresented any information in the credit reports, and (2) because Equifax was not required to inform the Plaintiffs that their credit reports had been issued to Porter, et al.

Plaintiffs agree that their Complaint was filed more than two years from the date on which the last credit report was issued by Equifax. However, Plaintiffs point out that they did bring this action within two years of their discovery of the transmittal of the credit reports. Plaintiffs argue that the statute of limitations in § 1681p is a discovery statute, which only begins to run when the individual discovers the violation and thereby sustains damages. Therefore, Plaintiffs claim that their FCRA action is not time barred because they brought the action within two years after discovering that the credit reports were transmitted.

The Court notes that the Eleventh Circuit has never interpreted the FCRA's statute of limitations in an impermissible purposes case such as this one. However, several other Circuits, including the Third, Seventh and Tenth Circuits have ruled on this issue by holding that the statute of limitations in § 1681p is not a discovery statute. In *Houghton v. Insurance Crime Prevention Inst.*, 795 F.2d 322 (3d Cir.1986), the consumer argued that he had two years from the date on which he discovered the alleged FCRA violation to sue. The Court disagreed and held that the plain language of § 1681p showed Congress' intent to permit tolling of an FCRA action only where there is a material and willful misrepresentation by a defendant of information required to be disclosed under the disclosure provisions of the FCRA. *Id.* at 325. Because none of the disclosure provisions of the FCRA required the defendants to disclose any information to the consumer, the Court in *Houghton* determined that the limited tolling provision did not ap-

ply to the facts of the case, and affirmed the dismissal of the complaint on the basis that the FCRA claim was time barred. *Id.* The Court therefore refused to imply a discovery exception to circumstances other than the one which Congress explicitly set forth in § 1681p. *Id.*

The Seventh Circuit followed the *Houghton* decision in *Rylewicz v. Beaton Services, Ltd.*, 888 F.2d 1175, 1181 (7th Cir.1989) (the Court agreed with the Third Circuit that a discovery exception may not be read into § 1681p). Similarly, the Tenth Circuit in *Clark v. State Farm Fire & Casualty*, 54 F.3d 669, 672 (10th Cir.1995), refused to read a general discovery exception into § 1681p because to do so would be contrary to the limited exception already expressed in the statute.

The Plaintiffs rely on the only Circuit that has taken a contrary position. The Fifth Circuit held in *Hyde v. Hibernia Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir.1988), that the FCRA statute of limitations for a suit asserting an intentional violation commences when a report issued to a user causes injury to the consumer or, if the consumer is not aware of the issuance of the report, when the consumer later discovers it. The Court in *Hyde* therefore read a general discovery exception into § 1681p. The Court in the instant case is hereby faced with an issue upon which the Eleventh Circuit has not yet spoken, and upon which there is conflicting case law among the other Circuit Courts of Appeal.

The Court here will follow the Third, Seventh and Tenth Circuit decisions cited above which have held that the statute of limitations in § 1681p is not a discovery statute. The Supreme Court has stated that where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent. *See Andrus v. Glover Construction Company*, 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980). In the instant case, the plain language in § 1681p shows that there is only one limited scenario where Congress intended tolling of an FCRA action to be permissible. The Court, there-

fore, will not circumvent this limited exception by reading a general discovery exception into § 1681p.

Applying the statute of limitations in § 1681p to the facts of this case, the Court finds that the Plaintiffs' FCRA claim is time barred. The alleged violations of the FCRA committed by Equifax took place when the credit reports were issued by Equifax on April 19, 1993 and May 17, 1993. The Plaintiffs' had until May 17, 1995, two years after the last alleged violation, to file their FCRA claim. The record reflects that the Plaintiffs' suit was not filed within the prescribed time period. Instead, the suit was filed on September 15, 1995, well over three months past the two year statute of limitation in § 1681p.

The Court also finds that the Plaintiffs' FCRA claim does not fall into the limited discovery exception because none of the disclosure provisions of the FCRA imposed an obligation on Equifax to disclose to Plaintiffs that their credit report had been issued. *See* 15 U.S.C. § 1681d, § 1681g, § 1681k and § 1681m. The Plaintiffs have failed to indicate why disclosure was required in their Complaint, in their response to Equifax' Motion to Dismiss, as well as at the hearing held on December 21, 1995. Without finding that disclosure was required under the FCRA, the limited discovery exception in § 1681p cannot be triggered. Therefore, the two year statute of limitations in § 1681p bars Plaintiffs' FCRA claim in this action.

The Court notes that Count I in Plaintiffs' Complaint alleges similar FCRA violations by Porter, et al. The Plaintiffs' FCRA claim against Porter, et al., suffers from the same statute of limitations problem because the suit was filed beyond the two year period. In addition, the Plaintiffs' FCRA claim against Porter, et al., does not fall into the limited discovery exception because none of the disclosure provisions of the FCRA imposed an obligation on Porter, et al., to disclose the information to Plaintiffs. Therefore, for the same reasons stated above, the Court finds that the FCRA claim against Porter, et al., should also be dismissed because it is time barred under the two year statute of limitations found in § 1681p. Accordingly, it is

ADJUDGED that Equifax' Motion to Dismiss Count II of Plaintiffs' Complaint is hereby GRANTED. The Court notes that, although Defendant Porter, et al., has not filed a Motion to Dismiss, the analysis described above logically requires Count I against Porter, et al., to also be dismissed. The Court withholds ruling on the portions of the Motion to Dismiss that seek to dismiss the state law claims against Equifax found in Counts IV, VI and VII, in view of the attached order remanding all of the Plaintiffs' state law claims to state court. It is also

ADJUDGED that Plaintiffs' Motion for Remand (docket no. 11) is GRANTED in part as to the state law claims for want of federal jurisdiction. The Court's jurisdiction over the state law claims in Counts III, IV, V, VI and VII was based on pendent jurisdiction. Jurisdiction over these pendent state law claims is therefore relinquished by this Court because the federal claims have been dismissed. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). These state law claims are hereby REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

DONE AND ORDERED.