46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
EQUIFAX CREDIT INFORMATION SERVICES, INC.; Credit Bureau,
Inc., Defendants-Appellees.
 No. 94-35074.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals pro se the district court's dismissal of his action against Equifax Credit Information Services, Inc. ("Equifax") as time-barred. In his complaint, Allen alleged that Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681 et seq., by furnishing a copy of Allen's credit report to the FBI without valid authorization. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 An action under the FCRA must be brought within two years "from the date on which the liability arises." 15 U.S.C. Sec. 1681p. The only exception to this provision is if the "defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter." Id.; see also Houghton v. Insurance Crime Prevention Inst., 795 F.2d 322, 325 (3rd Cir. 1986). Moreover, "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." Andrus v. Glover Constr., Co., 446 U.S. 608, 616-17 (1980); In re McLinn, 744 F.2d 677, 683 (9th Cir. 1984); see also Rylewicz v. Beaton Serv., Ltd., 888 F.2d 1175, 1881 (7th Cir. 1989) (holding that section 1681p's two-year statute of limitations was not subject to equitable tolling or a discovery exception and was limited to its enumerated exception only).
 
 
 4
 Here, Allen signed a Justice Department form authorizing Equifax to provide the FBI with his credit report during a three-month period beginning on April 30, 1990. In his complaint, Allen alleges that Equifax provided the FBI with a copy of Allen's credit report on or about August 24, 1990, almost a month after his authorization had lapsed. Allen filed his complaint, however, on June 13, 1993, more than two years after Equifax provided the FBI with his credit report. Thus, Allen's claim is time-barred under section 1681p's two-year limitation period. See 15 U.S.C. Sec. 1681p. In addition, his claim does not fall within the limited exception to the two-year limitations period provided in section 1681p for material and willful misrepresentation of information required to be disclosed under the FCRA. See id.; Houghton, 795 F.2d at 325.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Allen also contends that the statute of limitations period should be tolled pursuant to Oregon statute because he is incarcerated. This contention lacks merit. Oregon Revised Statute section 12.160 does provide a tolling for persons incarcerated "at the time the cause of action accrues." See Or. Rev. Stat. Sec. 12.160. Here, however, Allen was not incarcerated at the time the Equifax provided the report, and thus the provision is not applicable. Moreover, even if he had been, the FCRA has a specific statute of limitations provision and thus would not be subject to tolling under state law