Charles M. EDGAR, Plaintiff,

v.

Secretary, Robert B. REICH, United States of America, Department of Labor,

Secretary, Ronald H. Brown, United States of America, Department of Commerce, Defendants.

Civ. A. No. 94–10839–MLW.

United States District Court, D. Massachusetts.

April 10, 1995.

---

Charles M. Edgar, Quincy, MA, pro se.

John J. Falvey, Jr., Asst. U.S. Atty., Boston, MA, for Robert B. Reich and Ronald H. Brown.

*MEMORANDUM AND ORDER ON DEFENDANT SECRETARY REICH'S MOTION FOR SUMMARY JUDGMENT (# 24)*

COLLINGS, United States Magistrate Judge.

## I. THE FAIR CREDIT REPORTING ACT CLAIMS

In Counts One and Two of his complaint, the plaintiff Charles M. Edgar ("Edgar") has stated claims against Secretary of Labor Robert Reich[1] for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* (1994). The DOL has moved for summary judgment alleging that the claims were not brought within the applicable statute of limitations, 28 U.S.C. § 1681p. After briefing and oral argument, the motion is ripe for decision.[2]

It is undisputed that the DOL requested a credit report on Edgar on April 6, 1992.[3] It is further undisputed that Edgar filed the complaint in the instant case on April 29, 1994.

Section 1681p provides that:

An action to enforce any liability created under this subchapter may be brought ... within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p.

Edgar relies on the exception provided in the section in order to toll the statute of limitation by applying the "discovery rule." He claims that he only became aware of the alleged violation on or about June 12, 1992. Since his suit is asserting an intentional violation, he argues that his cause of action only began to accrue on that date.

Although the First Circuit has not had occasion to rule on this issue, the court can rely on other circuits that have interpreted the exception to section 1681p. In *Houghton v. Insurance Crime Prevention Institute*, 795 F.2d 322, 325 (3 Cir., 1986), the Third Circuit Court of Appeals wrote that:

---

1. Hereinafter, for convenience, the defendant Reich shall be referred to as "DOL."

2. The case has been assigned to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c).

3. In his Opposition Memorandum to Defendant Secretary Reich's Motion for Summary Judgment, # 6, part II, Mr. Edgar claims certain facts to be disputed, among them, he alleges that "on or about April 1992, the DOL obtained a full credit report concerning the plaintiff," *Id.* at part II, ¶ 1. However, the dispute alleged merely concerns the scope of the credit report obtained and not the actual date of the inquiry made by DOL. As such, for the purpose of this order, the exact date of the inquiry is deemed undisputed and is considered to be on April 6, 1992. Mr. Edgar has further alleged that there were other inquiries made by the DOL during the months of April and May. *See* Affidavit of Plaintiff Charles M. Edgar, (accompanying the Opposition Memorandum), ¶ 4. However, according to the evidence submitted by Mr. Edgar himself, *see* Plaintiff's Motion to Limit View, # 10, Plaintiff's Supplementary Attachment, at page 1, there is only one inquiry made by the DOL listed, the one obtained on April 6, 1992. The plaintiff has failed to offer any other evidence contrary to this fact or supporting his other allegations.

In examining the statute of limitations set forth in the FCRA, the plain language of the Act shows Congress' intent to permit tolling of an FCRA action only in a precisely defined situation. By its terms, it only permits tolling in the case of a material and willful misrepresentation by a defendant of information required to be disclosed under the Act which is material to defendant's liability.... [T]he statutory tolling provision does not apply to [defendants where] none of the disclosure provisions of the Act impose[s] an obligation on [ ] defendants to disclose to plaintiff the information pertinent here.

*Id.* at 325.

The Third Circuit went on to conclude that since the only entity which arguably has such an obligation is a credit reporting agency, this exception does not apply to other defendants in suits under the FCRA. The court further stated that:

[W]here Congress has enunciated an exception to a general prohibition, "additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent."

*Id.* (citing *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980)).

In *Rylewicz v. Beaton Services, Ltd.,* 888 F.2d 1175, 1181 (7 Cir., 1989), the Seventh Circuit agreed with the Third Circuit's interpretation of section 1681p. The court wrote:

We agree with the Third Circuit that an equitable tolling or discovery exception may not be read into the statute. Since the Act did not require the information in the report to be disclosed to [the plaintiff], the only tolling provision in Section 1681p was expressly inapplicable, and the statute of limitation must be followed in accordance with the congressional directive.

*Id.* at 1181.

The only court that has declined to follow the reasoning of the Third and Seventh Circuit cases and has applied the discovery rule to defendants other than a credit reporting agency is the District Court for the District of Columbia in *Management Information Technologies, Inc. v. Alyeska Pipeline Service Co.,* No. 92–1730, 1993 WL 219257, at *5 (n. 4) (D.D.C., July, 7, 1993), a case which neither party has cited.[4] In that case, the court reasoned that:

A person who knowingly obtains the credit report of another person under false pretenses and without authorization has an affirmative duty to inform such person that his or her credit report has been so obtained, and failure to do so constitutes a breach of that duty and a misrepresentation of a material fact critical to the establishment of the wrongdoer's liability under the Act. Because Defendants knowingly, wrongfully and surreptitiously obtained [the plaintiff's] report in violation of FCRA and they failed to disclose their possession of the report to [the plaintiff], their actions in this case trigger the "material and willful" exception to the two-year limitations provided in the statute.

*Id.* at *5.

The court went on to explain:

The approach Defendants advocate [i.e. not applying the discovery rule to the case] would allow a person to escape liability for an intentional violation of FCRA merely because the aggrieved party has not learned of the violation. Such an approach would be patently unfair.

*Management Information Technologies, Inc.,* 1993 WL 219257 at *5.

The decision in this case is somewhat puzzling: It is to be recalled that the statute creating the "discovery exception" provides for tolling only:

... where a defendant has materially and willfully misrepresented any information *required under this subchapter to be disclosed to an individual* and the information so misrepresented is material to the establishment of the defendant's liability *to that individual under this subchapter* ...

15 U.S.C. § 1681p (emphasis supplied).

It is difficult to perceive where the "affirmative duty" to disclose enunciated by the court in the *Management Information Technologies* case can be found in the subchapter.

4. That case is not reported in the Federal Supplement.

The statute distinguishes between "consumer reports" as defined in section 1681a(d) and "investigative consumer reports" as defined in section 1681a(e). Title 15 U.S.C. § 1681d requires disclosure to the consumer when a person procures or causes to be prepared an "investigative consumer report." No such requirement is found with respect to "consumer reports" and the decision in *Management Information Technologies* does not state the manner in which the consumer's "private credit information" was obtained or the extent of the information so obtained. Title 15 U.S.C. § 1681g requires a consumer reporting agency to provide notice to a consumer of the identity of the recipients of any consumer reports relating to him or her but only upon the consumer's request. Title 15 U.S.C. § 1681k requires a consumer reporting agency to disclose to a consumer when a report on that consumer is compiled "for employment purposes." And 15 U.S.C. § 1681m requires that the "user" of a consumer report advise the consumer when the report is used as a basis for denying or increasing the cost of "... credit or insurance for personal, family, or household purposes, or employment involving a consumer ..."

As can be seen, the only obligations of entities other than a consumer reporting agency to disclose under the subchapter are: (1) the obligation of a person who procures a "investigative consumer report" or causes one to be prepared to notify the consumer (section 1681d) and (2) the obligation of a "user" of a consumer report to advise the consumer when the report is used for the limited purpose set forth in section 1681m. Although the factual underpinnings of the FCRA claim in *Management Information Technologies* are minimal,[5] there is nothing to indicate that the defendants had any duty

to disclose under those provisions in the subchapter which impose such a duty.

In fact, the DOL, as a governmental agency, does have the power to order a report from a consumer reporting agency if the report is limited to identifying information (name, address, former addresses, places of employment, former places of employment). *See* 15 U.S.C. § 1681f. The DOL maintains that it requested no information over and above what is authorized by section 1681f; Edgar contends otherwise, which appears to raise a genuine issue of fact. But the point is that nothing in section 1681f requires the government agency to notify the consumer when it obtains the limited information authorized by that section.

In short, from what can be gleaned from the opinion, it appears to me that the *Management Information Technologies* case effectively makes the "exception" to the FCRA's statute of limitations the "rule." I decline to follow it.

The only authority cited by the plaintiff Edgar in support of his contention that he is entitled to invoke the "discovery exception" to the statute of limitations is *Hyde v. Hibernia National Bank,* 861 F.2d 446 (5 Cir., 1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989). In that case, the Fifth Circuit held that the statute of limitations for a suit asserting an intentional violation "commences when a report issued to a user causes injury to the consumer or, if consumer is not aware of the issuance of the report, when the consumer later discovers it." *Id.* at 446. However, Edgar's reliance on this case is misplaced since the defendant in *Hyde* was the credit reporting agency itself,[6] an entity to which the "discovery exception" in section 1681p is fully applicable by reason of its duty to disclose under the

---

5. The full statement of the facts underlying the claim is:

> Plaintiffs allege that in March 1990, Defendants "willfully and knowingly" obtained a copy of Mr. Hamel's personal retail credit report "under fraudulent circumstances ... for use in connection with developing a background information file on Hamel" and for no proper purpose, in violation of FCRA.

*Management Information Technologies, Inc.,* 1993 WL 219257 at *4.

6. A second defendant in *Hyde* was the bank which had obtained an erroneous credit report. The Fifth Circuit reversed the summary judgment issued in favor of the bank since it had failed to raise any question concerning whether the FCRA created a cause of action against it. *Id.* at 450. However, no analysis of the tolling of the statute was made with respect to this defendant.

provisions of the subchapter. In the instant case, the DOL had no duty to disclose so that the "discovery exception" simply does not apply in determining whether Edgar filed suit within the statute of limitations set forth in section 1681p.

 The court in *Hyde* also dealt with how to interpret the phrase "the date on which the liability arises" as used in section 1681p. As pertains to a credit reporting agency, the court held that the statute begins to run on "... the date the erroneous information is transmitted by the credit agency to a potential user ..." *Hyde* at 449. In the case where the defendant is the requestor and recipient of the report, the statute would begin to run on the date the credit report is received by the defendant.

In sum, the undisputed evidence in the instant case is that the DOL made the request and received the report on April 6, 1992. The DOL was under no obligation under the subchapter to disclose any information to Edgar so the "discovery exception" is inapplicable. Since the complaint was filed on April 29, 1992, more than two years after the liability arose, Edgar's claims asserted in Counts One and Two under the FCRA are barred by the two-year statute of limitations.

## II. THE FEDERAL TORT CLAIMS ACT CLAIM

In Count Five, Edgar asserts a claim under the Federal Tort Claims Act (FTCA). It is undisputed that he filed suit two months after he had filed his administrative claim and that the administrative claim had not been decided at the time suit was filed. In these circumstances, Count Five must be dismissed as premature. However, since by now either the administrative claim has been denied or six months have elapsed, I shall dismiss Count Five without prejudice to filing an amended complaint setting forth that claim.

## III. ORDER

For all of the above-stated reasons, it is ORDERED that Defendant Secretary Reich's Motion for Summary Judgment (# 24) be, and the same hereby is, AL-

LOWED to the extent that Counts One and Two of the complaint are DISMISSED as time-barred and Count Five is DISMISSED as premature without prejudice to amending the complaint to set forth a claim under the FTCA now that either the administrative claim has been denied or six months has elapsed.

IT IS SO ORDERED.