**Robert CLARK and Billie Clark, Plaintiffs–Appellants,**

v.

**STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Regional Credit Association, and Paul Watts, Defendants–Appellees.**

No. 93–6422.

United States Court of Appeals, Tenth Circuit.

May 10, 1995.

---

Jack Tracy, Purcell, OK, for appellants.

Mary Johnson Tidholm, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, OK, for appellees, State Farm Fire and Cas. Co. and Paul Watts.

Victor F. Albert, McKinney, Stringer & Webster, P.C., Oklahoma City, OK, for appellee, Regional Credit Ass'n.

Before EBEL and KELLY, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

This case arises from a credit report on Robert Clark issued by defendant Regional Credit Association to State Farm Fire and Casualty Company on July 25, 1989. On April 6, 1992, Robert and Billie Clark filed this action seeking actual and punitive damages, alleging that defendants had violated the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681–1681t (FCRA). Defendants filed motions to dismiss the action, asserting that the two-year statute of limitations had run on the cause of action under the federal act. The district court granted the motions to dismiss, as converted to a summary judgment, upon the basis that the statute of limitations had run. We agree that the action was time barred and affirm the order of the district court.

The purpose and scope of the Fair Credit Reporting Act were reviewed at length by the court in *Houghton v. Ins.*

---

* The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

*Crime Prevention Institute,* 795 F.2d 322, 323–324 (3rd Cir.1986). In order to insure that credit reporting agencies would act with "fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), Congress provided that a reporting agency could furnish reports only in certain specified circumstances and in no other. The approved circumstances set out in 15 U.S.C. § 1681b are a response to court order, a response in accordance with written instructions of the consumer to whom it relates, and otherwise only to a person which the agency has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

15 U.S.C. § 1681b(3)

The facts giving rise to appellants' claim are without dispute, and appear as follows:

Robert Clark sold a home in Wayne, Oklahoma, to Robert and Penny Miller, and State Farm issued a policy of insurance on the property to the Millers. The Wayne property was destroyed by fire on December 29, 1988, and State Farm claimed that the fire was the result of arson involving the Millers and Robert Clark. Robert Clark was not insured by State Farm, and neither Clark nor his wife gave consent for State Farm to obtain any credit report concerning themselves.[1]

State Farm, by its agent defendant Paul Watts, obtained a credit report on Robert Clark on July 25, 1989, from the Regional Credit Association. The report also included information on Clark's wife. The Clarks filed this case on April 6, 1992, two years and eight months after the credit report was issued.

■ On the motions to dismiss, defendants claimed that the statute of limitations had run on the cause of action under the FCRA. Title 15 U.S.C.A. § 1681p provides for a two-year limitation period in the following manner:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, *except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.* (Emphasis supplied)

In order to avoid the express two-year limitation period provided in this section of the Act, plaintiffs claim they did not become aware that the credit report had been issued until 60 days after the two-year period had elapsed.[2]

---

**1.** Various lawsuits arose from Clark's sale of the Wayne property to the Millers and its subsequent destruction by fire.

**2.** Plaintiffs claim that prior to the running of the two-year limitation period, Robert Clark filed a lawsuit against State Farm and during discovery requested his claims file which contained the credit report. When the file was finally produced, the claims file, with the credit report, was so illegible and of such poor quality, that neither plaintiffs nor their attorney could read the documents, and the credit report was not discovered. Clark dismissed the case he had filed against State Farm.

We find that the district court properly ruled that, since the Act sets out the limitation period with a specific discovery exception, a "general discovery exception" to the statute will not be applied because to do so would be contrary to the exception expressed in the statute. In so ruling, the court relied upon the reasoning found in *Houghton v., Ins. Crime Prevention Institute, supra,* 795 F.2d 322, at p. 325 (3rd Cir.1986):

> If we construe the statute (Fair Credit Reporting Act) as permitting us to imply a discovery exception to circumstances other than the one which Congress explicitly set forth, we would be rendering superfluous the discovery exception which Congress did set forth. This we may not do. The Supreme Court has stated that where Congress has enunciated an exception to a general prohibition "additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent." *See Andrus v. Glover Construction Company,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548. In this case, the statutory language clearly evidences the legislative intent. If the discovery rule is to be made generally applicable to FCRA cases, it must be done by congressional action....

In *Rylewicz v. Beaton Services, Ltd.,* 888 F.2d 1175 (7th Cir.1989), plaintiffs claimed that defendants requested a consumer report about him under false pretenses. Relying on *Houghton v. Ins. Crime Prevention Institute, supra,* the Seventh Circuit found that the claim was barred by limitations, ruling that:

> We agree with the Third Circuit that an equitable tolling or discovery exception may not be read into the statute. Since the Act did not require the information in the report to be disclosed to Rylewicz, the only tolling provision in § 1681p was expressly inapplicable, and that statute of

limitations must be followed in accordance with the congressional directive. (888 F.2d at 1181).

Appellants rely on *Hyde v. Hibernia National Bank in Jefferson Parish,* 861 F.2d 446 (5th Cir.1988), *cert. den.,* 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706. We have reviewed the *Hyde* opinion and find it not to be persuasive. In *Hyde,* the court did not address the provision that the "tolling" provision does not apply to extend the limitation period *unless* the information contained in the credit report is required to be disclosed to the individual covered by the report.[3]

In the case now before us, the evidence failed to show that the exception to the two-year limitation period provided by statute applies to plaintiffs' claim because plaintiffs failed to establish that any defendant "materially and willfully misrepresented any information required ... to be disclosed" to the Clarks.

Section 1681d(a)(1), Title 15 U.S.C., provides in pertinent part that:

> (a) A person may not procure or cause to be prepared an *investigative consumer report* on any consumer unless—
>
> (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living ... may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section ... (Emphasis supplied)

---

Plaintiffs then assert that 60 days after the two-year period, State Farm filed a lawsuit against Robert Clark and subsequently produced the claims file which contained a legible copy of the credit report.

3. In *Hyde,* the plaintiff received a copy of his credit report which allegedly contained erroneous information in November, 1983, but he did

not send a written request to have that information changed. In 1986, he applied for credit but was turned down, and he then wrote disputing the information in his file. In December, 1986, he again asked for a copy of his credit report, which contained exactly the same credit information as it had in 1983. Suit was filed in July, 1987.

Section 1681a(e) defines the nature of an "investigative consumer report" in this manner:

(e) The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

While plaintiffs allege that defendants requested and received an "investigative consumer report" on the Clarks, and were thus obliged to disclose that fact to plaintiffs, the district court found as a matter of fact that the consumer report in question was not an "investigative consumer report." That finding is fully supported by Plaintiffs' Exhibit C, p. 096, Appellants' Appendix, the credit report in question, for it merely lists Clark's credit transactions.[4]

■ Under these circumstances, the district court correctly found that there was no information required to be disclosed under the Act which would trigger the discovery exception, and that the two-year statute of limitations bars plaintiffs' claim in this action.

■ The Clarks also claim that the statute of limitations for "negligent" issuance of a credit report does not begin to run until injury occurs. This issue is raised for the first time on appeal and will not be considered by this court. *See Christiansen v.*

*Farmers Ins. Exchange,* 540 F.2d 472 (10th Cir.1976).

The judgment is AFFIRMED.

---

**4.** In reviewing the consumer report, which was a matter outside the pleading, the district court converted the motion to dismiss to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.

The court found "that no reasonable juror could find that the consumer report is an investigative consumer report.... Nothing in the consumer report indicates that it is an investigative consumer report as defined in the FCRA."