Horan v. Experian, et al.          CV-97-536-M    06/19/98
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Constance C. Horan,
     Plaintiff

     v.                                    Civil No. 97-536-M

Experian f/k/a TRW Consumer Credit
Services, Inc. and Tandy Corporation,
Inc. d/b/a Radio Shack,
     Defendants


                         **O R D E R**


     Defendant Experian moves to dismiss Constance Horan's suit

alleging violations of the Fair Credit Reporting Act (15 U.S.C.A.

§ 1681) on grounds that her claims are untimely and that her

defamation claim is preempted by FCRA.  Horan agrees that claims

for FCRA-prohibited activities that occurred outside of the

limitations period are time barred, but contends that prohibited

acts occurred within the limitation period and are actionable.

Horan also argues that her defamation claims are actionable.  For

the reasons that follow, Experian's motion to dismiss is granted

in part and denied in part.



                     **Standard of Review**

     A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) is one of limited inquiry, focusing not on "whether a

plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims."  Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to

dismiss, the court accepts all well-pleaded facts as true and resolves all reasonable inferences in favor of the nonmoving party. Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). Well-pleaded facts do not include bald factual assertions or legal conclusions. Shaw v. Digital Equipment Corp., 82 F.3d 1194 1216 (1st Cir. 1996). Dismissal is appropriate only if the facts, appropriately alleged in the complaint, taken as true, and in the proper light, cannot support an actionable claim. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).


## Background

Horan alleges that in October 1991, she bought an answering machine at a Radio Shack store in Concord, New Hampshire, for $99.95, charging it on her Radio Shack credit card. When the answering machine did not operate properly, Horan returned it to the store. The store accepted the machine and told plaintiff that she would receive full credit on her account.

Sometime later, Horan learned that Radio Shack had not credited her account as promised and that Radio Shack reported to credit agencies including Experian that her account was delinquent. In 1992, Horan sent a consumer statement to Experian disputing the accuracy of her Radio Shack account and intending her statement to be included in her credit file. Horan alleges that "for reasons unknown, the Defendant Experian has failed, refused, or otherwise neglected to place said consumer statement

2

into Plaintiff's consumer credit file." Horan believes that Radio Shack notified Experian in 1994 that it had "charged-off" her account as uncollectible.

Since then, Horan alleges, she has repeatedly applied for credit and been refused. In October 1996, she applied for an American Express Optima card and was denied based solely on the information supplied by Experian. She says that she and her authorized agents, including her lawyers, have repeatedly notified Radio Shack and Experian that "their files contained inaccurate and erroneous credit information" about her. She further says that both defendants refused or neglected to remove the inaccurate information from her file.

After Horan's application for credit was again denied in November 1996, her agents contacted Experian to request that it reinvestigate that part of her credit report pertaining to Radio Shack. Experian notified Horan in January 1997 that "said Radio Shack account belonged to [her]." Despite her efforts, the adverse credit report continued in her credit file.

Horan brought suit on October 23, 1997. Her present claims charge Experian with violations of the FCRA by failing to use reasonable procedures "to assure maximum possible accuracy of the information concerning the individual about whom the report relates," § 1681e(b); by failing to reinvestigate the disputed credit report from Radio Shack, § 1681i(a); and by failing to include in her credit file her consumer statement about her Radio Shack account, § 1681i(c). In count two, Horan alleges that

3

Experian knowingly, intentionally, and with malice provided her credit report containing inaccurate information about her Radio Shack account to merchants and retailers and that Experian knew when it made the reports that the credit information was false, which damaged her credit rating. Count three is a similar defamation claim brought against Tandy Corporation.

## Discussion

Experian contends that Horan's FCRA claims are barred as untimely under the applicable two-year limitations period, § 1681p. Experian also argues that Horan's defamation claim is preempted by FCRA, and, alternatively, that the claim is untimely under New Hampshire's applicable limitation period. Horan does not contest the application of the limitations periods, but relies on Experian's actions within the time allowed as grounds for her claims, and argues that her defamation claim falls within the claims not preempted by FCRA.

### A. Timeliness of the FCRA Claims

The FCRA has a two-year limitation period providing, except under circumstances not applicable here, "[a]n action to enforce any liability created under this subchapter may be brought . . . within two years from the date on which the liability arises." 15 U.S.C.A. § 1681p. Since Horan filed her complaint on October 23, 1997, to be timely, her claims must allege liability that arose after October 23, 1995. Experian contends that because

4

Horan was aware in 1992 that her credit report contained allegedly false information about her Radio Shack account, she is time barred from bringing suit based on any of its allegedly FCRA-prohibited actions, even if they occurred within two years of the date she filed her complaint. Experian interprets the FCRA's limitations period to begin when a consumer knows that a false credit report exists rather than when "liability arises" under the FCRA. Experian's interpretation would allow credit agencies to violate the FCRA with impunity two years after a consumer first becomes aware of disputed or false information in her credit file. Conversely, Experian's interpretation would also seem to incorporate at least an initial equitable discovery rule into the FCRA's statutory limitation period, a theory which has been rejected by most courts that have considered the issue. See, e.g., Wilson v. Porter, Wright, Morris & Arthur, 921 F. Supp. 758, 760-61 (S.D.Fla. 1996); Edgar v. Reich, 881 F. Supp. 83, 86-7 (D. Mass. 1995).

Section 1681p allows two years to enforce FCRA liability – two years "from the date on which liability arises." Liability arises when an entity violates a provision of the FCRA, and presumably liability arises with each separate violation of the FCRA. See, e.g., Philbin v. Trans Union Corp., 101 F.3d 957, 968 n.7 (3d Cir. 1996); Hyde v. Hibernia Nat'l Bank, 861 F.2d 446, 449-450 (5th Cir. 1988); Andrews v. Trans Union Corp., No. 96-7369 LGB VAPX, 1998 SL 278740 *8 (C.D. Cal. May 27, 1998); Williams v. Colonial Bank, 826 F. Supp. 415, 418-19 (M.D. Ala.

5

1993); but see Lawhorn v. Trans Union Credit Info. Corp., 515 F. Supp. 19, 20 (E.D. Mo. 1981). Thus, the date when Horan first knew that Experian allegedly included false credit information in her credit report is irrelevant to the limitations analysis under FCRA.

Horan alleges that some of Experian's FCRA violations occurred after October of 1995, within two years of filing her complaint. Accordingly, her complaint is timely only as to those claims for which Experian's alleged liability arose after October 23, 1995.

## B.    Defamation

### ____1.    FCRA preemption of defamation claim.

Section 1681e(h) of the FCRA limits common law actions for defamation against a credit reporting agency to claims arising from "false information furnished with malice or willful intent to injure such consumer." Experian moves to dismiss Horan's defamation claim on grounds that she has not pled any basis for malice or willful intent.

Courts have interpreted "willful" for section 1681e(h) purposes to mean "knowingly and intentionally committed an act in conscious disregard for the rights of others," and have taken the meaning of "malice" from New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964), that is, "speaker knew it was false or acted with reckless disregard of its truth or falsity." Whelan v. Trans Union Credit Reporting Agency, 862 F. Supp. 824, 833

(E.D.N.Y. 1994) (internal quotations omitted); accord Yeager v. TRW Inc., 984 F. Supp. 517, 523 (E.D. Texas 1997). Malice or willful intent to injure need not be based upon "smoking gun" evidence, but instead may be inferred from the circumstances surrounding the provision of an allegedly false consumer credit report. Mirocha v. TRW Inc., 805 F. Supp. 663, 674-75 (S.D. Ind. 1992). When a credit reporting agency is reliably informed or otherwise knows that its credit report contains false or inaccurate information but nevertheless disseminates the report without correction or giving any indication that particular information is disputed, malice, at least, may be inferred from its actions. See, e.g., Yeager, 984 F. Supp at 523; Wiggins v. Equifax Servs., Inc., 848 F. Supp. 213, 219 (D.D.C. 1993).

In this case, Horan alleges that Experian knew, beginning in 1992, that its credit file on her contained false and inaccurate information about her Radio Shack account. Horan also alleges that despite Experian's knowledge, it neither reinvestigated the information nor included her consumer statement disputing the allegedly false information nor otherwise indicated that the Radio Shack account information was at least disputed. Based on Horan's allegations of the circumstances surrounding Experian's actions, a jury could find that Experian continued to provide an allegedly inaccurate credit report in conscious disregard of Horan's rights under the FCRA, or did so knowing the information was false. Thus, Horan has made sufficient allegations of malice

7

or willful intent to injure to avoid preemption under section 1681h(e).

### 2. Timeliness of defamation claims.

Experian also challenges the timeliness of Horan's defamation claims. While section 1681h(e) of the FCRA limits the availability of a common law defamation claim, it does not create a FCRA defamation cause of action. See Lema v. Citibank, 935 F. Supp. 695, 698 (D. Md. 1996). Thus, the New Hampshire statute of limitations applicable to defamation actions applies to Horan's defamation claim.

New Hampshire's statute provides: "Personal actions for slander or libel, unless otherwise provided by law, may be brought only within 3 years of the time the cause of action accrued." N.H. Rev. St. Ann. 508:4, II. New Hampshire's single publication rule allows only one cause of action for multiple publications of a defamatory statement, and a plaintiff's cause of action accrues on the first date of publication. See Keeton v. Hustler Magazine, 131 N.H. 6, 20 (1988). Thus, if Experian published Horan's allegedly inaccurate credit report before October 23, 1994 (three years before she filed her complaint in this court), her defamation claim is not timely.

It is not clear from the allegations in Horan's complaint when Experian first published the allegedly inaccurate credit report after being informed of its inaccuracies in 1992. Experian asserts in its motion that "Plaintiff admits in her

8

Complaint that the alleged defamation first occurred in December of 1992 when Plaintiff learned that Experian was reporting that her account with Radio Shack was delinquent." Unfortunately, Experian offers no cite to the complaint where such a statement might be found, and the allegations in the complaint do not seem to include a statement as to when Experian first published the inaccurate credit report.

Horan alleges that she sent a consumer statement to Experian in December 1992 disputing the accuracy of her Radio Shack account. That statement seems to have been in response to her discovering that Radio Shack was reporting to credit agencies that she was delinquent in paying her account. Horan does not explain how she happened to know that Experian maintained a credit report on her that included her Radio Shack account. Horan also alleges that from 1992 until the present she, her attorneys, and other "authorized agents" repeatedly notified Experian that her credit report was inaccurate. The only specific example of credit denial based on Experian's credit report allegedly occurred in 1996.

Thus, it cannot be determined from the allegations in the complaint when Experian first published the disputed credit report and, therefore, when Horan's defamation cause of action accrued under New Hampshire's law. A defendant who raises an affirmative defense based on a statute of limitations bears the burden of proving that the statute of limitations applies to bar

9

the plaintiff's claim.  <u>Glines v. Bruk</u>, 140 N.H. 180, 181 (1995).
Experian has not yet carried that burden.

Horan's FCRA claims are substantially limited, but not
eliminated, by the application the FCRA limitations period.  Her
defamation claims may be affected by the New Hampshire statute
applicable to defamation actions in combination with New
Hampshire's single publication rule, but that issue cannot be
resolved in the context of a motion to dismiss.  A joined motion
for summary judgment challenging the claims' factual basis would
more appropriately address issues related to the defamation
claims.


**<u>Conclusion</u>**

For the foregoing reasons, defendant's motion to dismiss
(document no. 8) is granted with respect to plaintiff's FCRA
claims in count one based on actions before October 23, 1995, and
is otherwise denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 19, 1998

cc:  Paul J. Haley, Esq.
     Brian T. Tucker, Esq.
     Kimberly C. Roosevelt, Esq.
     Bradley A. Stolzer, Esq.