KLEIN, Judge.
Appellant, who was plaintiff in the trial court, sued a number of defendants, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681L Plaintiff appeals a summary judgment entered in favor of one of the defendants, Equifax. We affirm.
Plaintiffs claim against Equifax alleged that Equifax had violated the Act in September, 1998, when it improperly issued a credit report on him. Appellant discovered that the report had been issued in May, 1994. He made inquiry, in October, 1995, to Equifax asking to whom the report had been given in September, 1998. Having previously sued others for violations of the Act, plaintiff added Equifax as a defendant in October, 1995, beyond the two-year period of limitations provided in 15 U.S.C.A. § 1681p.
The two-year period begins to run when the violation occurs, not when the plaintiff discovers the violation. Clark v. State Farm Fire & Cas. Ins. Co., 54 F.3d 669 (10th Cir.1995) and cases cited therein. Accordingly, the two-year period began to run in the present case when the alleged violation occurred, in September of 1993.
There is one exception to the two-year limitation period in section 1681p:
[WJhere a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of defendant’s liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.
Plaintiff argues that there were issues of fact precluding summary judgment, because when he made inquiry to Equifax in October, 1995 Equifax made willful misrepresentations which fall within the tolling provision of section 1681p. According to that exception, however, which is set forth above, the “information so misrepresented” must be “material to the establishment of defendant’s liability.”
In the present case the cause of action accrued in September, 1993, and plaintiffs *327 claim was already barred by the two-year period of limitation when the alleged misrepresentation was made in October, 1995. Accordingly, any misrepresentation made in October, 1995 could not have been material to the defendant’s liability. Plaintiff cites no authority for the proposition that an act of a defendant such as allegedly occurred here, after a period of limitation has expired, could revive the right to sue. See also In Re Estate of Smith, 685 So.2d 1206 (Fla.1996)(“once a claim has been extinguished by the applicable statute of limitations, the claim cannot be revived because a constitutionally protected property right to be free from the claim has vested in the defendant”).
Affirmed.
DELL and WARNER, JJ., concur.