

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-1998

# Ramadan v. Chase Manhattan Corp

Precedential or Non-Precedential:

Docket 97-5282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Ramadan v. Chase Manhattan Corp" (1998). *1998 Decisions*. Paper 231.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 22, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5282

SUSANNE H. RAMADAN, on her own behalf and
on behalf of all others similarly situated,

      Appellant

v.

THE CHASE MANHATTAN CORPORATION;
HYUNDAI MOTOR FINANCE CO.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 96-03791)

Argued June 8, 1998

Before: SCIRICA and NYGAARD, Circuit Judges, and
KATZ, District Judge*

(Opinion Filed: September 22, 1998)

Andrea Bierstein, Esq. (Argued)
Kaufman Malchman Kirby & Squire
919 Third Avenue, 11th Floor
New York, NY 10022

_____

*Honorable Marvin Katz, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Robert J. Berg
Bernstein, Leibhard & Lifshitz
One Bridge Plaza, Suite 400
Fort Lee, NJ 07024

Counsel for Appellant

Andrew P. Napolitano, Esq. (Argued)
Sills, Cummis, Zuckerman, Radin,
Tischman, Epstein & Gross
One Riverfront Plaza
Newark, NJ 07102

Counsel for Appellee
Chase Manhattan Corp.

Walter J. Fleischer, Jr., Esq.
  (Argued)
Shanley & Fisher
131 Madison Avenue
Morristown, NJ 07962-1979

Counsel for Appellee
Hyundai Motor Finance Co.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Susanne H. Ramadan brought a federal claim under the Truth in Lending Act, 15 U.S.C. SS 1601 et seq., and pendent state law claims against Chase Manhattan Corp. and Hyundai Motor Finance Co. alleging that she was given false financing disclosures when she purchased an automobile. The district court granted defendants' motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(l). We will reverse.

I.

The essential facts are undisputed. On May 6, 1993, Ramadan purchased a 1990 Hyundai Excel automobile from Bob Ciasulli Hyundai, Inc., for $4,041.04. She also purchased an extended warranty contract for $998.

2

Ramadan financed the entire sum through a Retail Install Contract with Ciasulli. Ciasulli immediately assigned the loan to defendants Hyundai Motor Finance Co. and Chemical Bank, N.A.[1]

Ramadan signed three copies of the Retail Install Contract. Each copy itemized the $998 charge for the warranty as being paid to a third party. This breakdown is mandated by 15 U.S.C. S 1638(a)(2)(B)(iii), which requires a creditor to disclose to a borrower "each amount that is or will be paid to third persons by the creditor on the consumer's behalf, together with an identification of or reference to the third person." Ramadan alleges that only a portion of the $998 charge for the warranty went to the third party to pay for the warranty, while Ciasulli pocketed the rest as a commission or finder's fee. Because of the inflated warranty charge, Ramadan alleges she overpaid for the warranty and paid additional interest on the commensurately inflated loan principal.

Ramadan did not commence this action until August 2, 1996. She claims that the inaccurate disclosure of amounts paid for the warranty violated the Truth in Lending Act ("TILA"). Hyundai and Chase filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the district court lacked subject matter jurisdiction over the claim because Ramadan had filed her complaint after the applicable one-year time limit contained within TILA. See 15 U.S.C. S 1640(e). Ramadan contended that her complaint was timely because the limitation period was tolled during the time when the defendants concealed the true cost of the warranty. The district court granted the motion to dismiss solely under Rule 12(b)(1), finding that the one-year limitation period in S 1640(e) is a jurisdictional provision, and therefore not subject to equitable tolling. See Ramadan v. Chase Manhattan Corp., 973 F. Supp. 456 (D.N.J. 1997). Our review of federal jurisdiction is plenary. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996).

_____

1. Chase Manhattan Corp. has since acquired Chemical Bank, the parent company of Chemical Bank, N.A., and has merged its auto financing division with Chemical Bank, N.A.'s.

II.

The sole issue on appeal is whether equitable principles can apply to toll the limitation period contained inS 1640(e) of TILA. The answer turns on a determination of whether the limitation period is jurisdictional or merely an ordinary statute of limitations engrafted upon a separate jurisdictional grant. A limitation period is not subject to equitable tolling if it is jurisdictional in nature. See, e.g., Shendock v. Director, Office of Workers' Compensation, 893 F.2d 1458, 1466-67 (3d Cir. 1990).

TILA requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions. See 15 U.S.C. S 1640. Subsection (e) grants jurisdiction over such claims to federal and state courts and imposes a one-year time limitation for bringing actions:

> (e) Jurisdiction of courts; limitation on acti ons; State attorney general enforcement
>
>  Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Id. S 1640(e).

The Courts of Appeals for the Sixth and Ninth Circuits have held that the statute of limitation under S 1640(e) is not jurisdictional and can be equitably tolled. See King v. California, 784 F.2d 910 (9th Cir. 1986); Jones v. TransOhio Savings Ass'n, 747 F.2d 1037 (6th Cir. 1984). The Court of Appeals for the District of Columbia Circuit, however, has indicated a contrary view in dicta. See Hardin v. City Title & Escrow Co., 797 F.2d 1037 (D.C. Cir. 1986).

When determining whether a limitation period is jurisdictional, the Supreme Court has stated that while

4

several factors must be examined, the main purpose of the inquiry is to discover "whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Burnett v. New York Central R.R. Co., 380 U.S. 424, 427, 85 S. Ct. 1050, 1054 (1965). As we have previously recognized, "attachment of the label `jurisdiction' to a statute's filing requirements without examination of its language and structure, as well as the congressional policy underlying it, would be an abdication of our duty to interpret the language of a statute in accordance with Congress's intent in passing it." Shendock, 893 F.2d at 1462; see also Zipes v. Trans World Airlines, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982); Burnett, 380 U.S. at 427, 85 S. Ct. at 1054.

The King and Jones decisions followed the analytical framework contained in Burnett. In Burnett, the plaintiff brought a timely claim against a railroad in state court under the Federal Employers' Liability Act. However, the plaintiff filed the action in the wrong venue, and his claim was dismissed. When the plaintiff refiled the claim eight days later in the proper federal court, it was dismissed again because the suit was filed after the three-year statute of limitation contained in 45 U.S.C. S 56 had passed. The Court of Appeals for the Sixth Circuit affirmed the dismissal on the grounds that the time limitation was "substantive," not "procedural." The Supreme Court reversed and held that the timely filing in the state court tolled the statute of limitations as to the federal action. The Court stated,

> The basic question to be answered in determining whether . . . a statute of limitations is to be tolled, is one "of legislative intent whether the right shall be enforceable . . . after the prescribed time." Classification of such a provision as "substantive" rather than "procedural" does not determine whether or under what circumstances the limitation period may be extended.

Burnett, 380 U.S. at 426-27, 85 S. Ct. at 1053-54 (citations and footnote omitted). To determine congressional intent, the Court looked to "the purposes and policies underlying the limitation provision, the Act itself, and the remedial

scheme developed for the enforcement of the rights given by the Act." Id. at 427, 85 S. Ct. at 1054.

Based on the reasoning in Burnett, the Courts of Appeals in Jones and King held that equitable tolling would further the congressional purpose underlying TILA to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. S 1601. Those courts found that the time period was not jurisdictional and allowed the use of equitable principles to toll the limitations period in S 1640(e).

In Jones, the court noted that several factors supported its conclusion. First, the court argued that TILA, as a remedial statute, should be construed liberally in favor of the consumer. See Jones, 747 F.2d at 1040. Second, the court noted that the remedial scheme of the Act was to create a system of private attorneys general and that, therefore, a technical reading would be "particularly inappropriate." Id. (citations omitted). Third, the court observed that S 1640(e) is not the sole provision granting jurisdiction to the district courts, but that it must be read together with 28 U.S.C. S 1337. Id. at 1040-41. The Jones court concluded that "[o]nly if Congress clearly manifests its intent to limit the federal court's jurisdiction will [the court] be precluded from addressing allegations of fraudulent concealment which by their very nature, and if true, serve to make compliance with the limitations period imposed by Congress an impossibility." Id. at 1041.

This methodology is supported by the analysis used in a post-Burnett Supreme Court case, Zipes v. Trans World Airlines, 455 U.S. at 385. Zipes concerned alleged sex discrimination by TWA against female flight attendants. The Court of Appeals for the Seventh Circuit held that since the flight attendants had not filed a complaint with the Equal Employment Opportunity Commission within the statutory time limit, and since that time limitation was a jurisdictional prerequisite, approximately ninety-two percent of the female flight attendants were barred from suing. The Supreme Court reversed, holding that timely filing was not a jurisdictional prerequisite, "but a

requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393, 102 S. Ct. at 1132. Like the Court in Burnett, the Zipes Court examined several factors when making its determination. It looked to the structure of the act, the underlying policy of the act, and prior federal case law. Id. at 392-98, 102 S. Ct. at 1132-35.

A.

The purpose underlying TILA is "to assure meaningful disclosure of credit terms . . . and to protect the consumer against inaccurate and unfair" practices. 15 U.S.C. S 1601. Thus Congress enacted TILA to guard against the danger of unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing practices. As the Burnett Court noted, the main inquiry is whether allowing tolling of the statute of limitations is consistent with this policy. We believe that it is.

First, it must be noted that TILA is a remedial statute and should be construed liberally in favor of the consumer. See Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d 257, 262 (3d Cir. 1975). Allowing lenders to violate TILA, but avoid liability if they successfully concealed the violation from the debtor for a year, would undermine the core remedial purpose of TILA. As the Supreme Court recognized years ago, "[t]o hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure." Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349 (1874) (applying equitable tolling to Bankruptcy Act of 1874). Disallowing equitable tolling in S 1640(e) would allow lenders to avoid liability through intentionally fraudulent actions using a statute designed to prohibit that same conduct.

B.

The structure and language of the statute also provide insight into the intent of Congress. In Zipes, the Supreme Court's examination revealed that

7

> the provision granting district courts jurisdiction . . .
> contain[ed] no reference to the timely-filing
> requirement. The provision specifying the time forfiling
> charges with the EEOC appear[ed] as an entirely
> separate provision, and it [did] not speak in
> jurisdictional terms or refer in any way to the
> jurisdiction of the district courts.

Id. at 394, 102 S. Ct. at 1133 (footnotes omitted). Unlike in Zipes, the limitation here is contained in the same statutory provision as the grant of jurisdiction. In Burnett, the Court downplayed the importance of this distinction, stating, "[T]he fact that the right and limitation are written into the same statute does not indicate a legislative intent as to whether or when the statute of limitations should be tolled."2 380 U.S. at 427 n.2, 85 S. Ct. at 1054 n.2.

In Hardin v. City Title & Escrow, the Court of Appeals for the District of Columbia Circuit determined whether a time limitation within the Real Estate Settlement Procedures Act ("RESPA") was jurisdictional in nature. The court examined S 1640(e) of TILA for comparison, concentrating on the language of the statute to discern the intent of Congress.3

_____

2. The Burnett Court indicated that placing the time limitation in the same section as the jurisdictional grant may be important when dealing with choice of law. It stated, "the embodiment of a limitations provision in the statute creating the right which it modifies might conceivably indicate a legislative intent that the right and limitations be applied together when the right is sued upon in a foreign forum." Burnett, 380 U.S. at 427 n.2, 85 S. Ct. at 1054 n.2. That is not the case here.

3. The court in Hardin also engaged in a lengthy discussion of the legislative history of TILA. It pointed to the 1980 Amendments that added the recoupment and set-off exceptions to S 1640(e) as evidence that the provision was intended to be jurisdictional. The court argued that since defensive actions in recoupment are never barred by a statute of limitations, by amending the limitation to except these actions from the time limit, Congress must have been treating it as a jurisdictional limitation. Otherwise, the amendment would have been unnecessary. See Hardin, 797 F.2d at 1039-40 & n.4. In fact, it appears that whether defensive actions were barred or not was far from clear at the time of the amendments. The court in Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 796-97 (D. Md. 1998), presents a compelling counterargument to Hardin concerning the legitimacy of its analysis of

In doing so, the court concluded that "[b]ecause the time limitation . . . is an integral part of the same sentence that creates federal and state court jurisdiction, it is reasonable to conclude that Congress intended thereby to create a jurisdictional time limitation." Hardin, 797 F.2d at 1039. The court concluded that since "jurisdictional provisions in federal statutes are to be strictly construed, . . .[and w]here a time limitation is jurisdictional, it must be strictly construed and will not be tolled or extended on account of fraud[ulent concealment]." Id. at 1040.

The Seventh Circuit recently declined to follow Hardin, concluding that it was inconsistent with Supreme Court precedent and the "particular[ly] relevan[t]" cases of Jones and King. Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166-1167 (7th Cir. 1997) (allowing equitable tolling in RESPA case); see also Kerby v. Mortgage Funding Corp., 992 F. Supp. 787 (D. Md. 1998) (allowing equitable tolling in RESPA and S 1640(e) case); Moll v. U.S. Life Title Ins. Co. of N.Y., 700 F. Supp. 1284 (S.D.N.Y. 1988) (allowing equitable tolling in RESPA case). Indeed, as Lawyers Title indicated, although states are more likely to treat their statutes of limitations as jurisdictional, "periods of limitations in federal statutes . . . are universally regarded as nonjurisdictional. . . . Only rules limiting the commencement of actions against the United States have been given the `jurisdictional' treatment." Lawyers Title, 118 F.3d at 1166.

Appellee Chase also argues that by excluding recoupment and set-off claims from the operation of S 1640(e), Congress demonstrated its intention not to allow any other exceptions to the time period. We think Houghton v. Insurance Crime Prevention Institute, 795 F.2d 322 (3d Cir. 1986), a case construing a very similar provision of the Fair

_____

the legislative history of the 1980 amendments. We will not rehash these arguments here, except to agree with Kerby that it appears that Congress enacted the 1980 amendments in response to conflicting applications of S 1640(e). This conclusion would be consistent with a reference, overlooked in Hardin, to the time limit as a "statute of limitation" in the legislative history of the 1980 amendment. S. Rep. No. 96-368, at 32 (1979), reprinted in 1980 U.S.C.C.A.N. 236, 268.

Credit Reporting Act, is instructive. The section at issue there provided in pertinent part:

> An action to enforce any liability . . . may be brought within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. S 1681p. In Houghton, we determined that the discovery rule, which tolls the running of statutes of limitation while a plaintiff is duly unaware of a violation did not apply to S 1681p. We noted that statutes of limitation, whether substantive or procedural, could be tolled by the discovery rule. See Houghton, 795 F.2d at 324-25. Citing Burnett, we reiterated our obligation to determine whether tolling was consistent with the congressional purpose. See id. at 325 (citing Burnett, 380 U.S. at 426, 85 S. Ct. at 1053). We then concluded that since Congress explicitly provided for one exception to the statute of limitations, we would not presume the intent to allow others. See id. We did not construe the time period as jurisdictional.

Chase points to the similarity between S 1640(e) and S 1681p to argue that Congress knew how to create equitable exceptions to the time period. By not doing so in S 1640(e), Chase asserts, Congress did not intend equitable tolling principles to apply. This argument, however, contradicts a well-established principle of law that equitable tolling doctrines are "read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 396-97, 66 S. Ct. 582, 585 (1946). This strong presumption may only be rebutted if "Congress expressly provides to the contrary in clear and unambiguous language." Atlantic City Elec. Co. v. General Elec. Co., 312 F.2d 236, 241 (2d Cir. 1962). Therefore, by not explicitly limiting the allowable equitable tolling exceptions as they did in S 1681p, it is much more likely that Congress anticipated that courts would apply traditional equitable tolling principles as they

10

do in all other statutes where there is no explicit limitation to their application.

Although the structure of S 1640(e) could support an argument that the time limitation is jurisdictional, when looked at in light of the underlying policy of TILA and case law, it becomes clear that the time limitation is not intended to operate jurisdictionally. If Congress had intended otherwise, they could have explicitly linked the expiration of jurisdiction to the expiration of the statute of limitation. They did not, therefore, we will read equitable tolling into the statute.

C.

Finally, the language and analysis of our prior case law is consistent with the conclusion that S 1640(e) is not a jurisdictional limitation but rather in the nature of a statute of limitations and amenable to tolling.

In Smith v. Fidelity Consumer Discount Co., 898 F.2d 896 (3d Cir. 1988), the parties whose claims were asserted past the time limit did not argue for the application of any equitable tolling principles under TILA. We did, however, refer to the time limit in S 1640(e) as a "statute of limitation." Id. at 903 & n.6. While informative, this unexplained reference in dicta is by no means dispositive. In Zipes, the Supreme Court noted that its previous decisions describing the time limitation for filing EEOC charges as jurisdictional were not dispositive because the nature of the time limit was not at issue in those cases and other decisions had identified the provision as a statute of limitation.

Our decision in Bartholomew v. Northampton National Bank of Easton, 584 F.2d 1288 (3d Cir. 1978), provides more guidance. In Bartholomew, the plaintiff claimed that two equitable tolling doctrines applied. 584 F.2d 1288, 1296-97 (3d Cir. 1978). We reviewed the record and held that there was "no arguable basis . . . for plaintiff's . . . contention" and that the facts did "not, as a matter of law, constitute such conduct that would estop the banks from raising the bar of the statute of limitations." Id. at 1297. Although we held that equitable tolling did not apply, the

11

simple fact that we analyzed whether equitable principles would apply is important. In Zipes, the Court buttressed its conclusion that the time limitation was not jurisdictional by noting that prior cases had actually reached the merits of arguments concerning whether the limitation period should be tolled. 455 U.S. at 397, 102 S. Ct. at 1134-35. The Court asserted that to pursue such an examination in the face of a jurisdictional prerequisite would have been "gratuitous." Id., 102 S. Ct. at 1134. It follows that if the time limitation is jurisdictional, we would not have examined the record in Bartholomew to determine whether a factual basis existed for the application of equitable tolling principles. That investigation would also have been "gratuitous" because even if a sufficient factual basis existed, equitable tolling would not have been possible.

D.

In Beach v. Ocwen Federal Bank, 118 S. Ct. 1408 (1998), the Supreme Court held that the time limit for rescinding a loan transaction under a separate provision of TILA extinguishes the right itself, as opposed to the right to a remedy, and thus is not a typical statute of limitations. Although the Court did cite to Burnett, it did so to provide an example of a rule of statutory construction not actually utilized in Beach: "the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy." Id. at 1412. It observed that the " `ultimate question' is whether Congress intended that `the right shall be enforceable in any event after the prescribed time.' " Id. (quoting Midstate Horticultural Co. v. Pennsylvania R.R. Co., 320 U.S. 356, 360, 64 S. Ct. 128, 130 (1943)). The Beach Court found its answer in the language of the statute itself. Section 1635 states that "[an] obligor's right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. S 1635(f). The Court held that Congress had explicitly linked the right and the remedy in this section, and therefore the right to sue expired at the end of the period. As discussed above, that is not the case here.

12

III.

In sum, based on the structure and purpose of TILA, we hold that the statute of limitations contained in S 1640(e) is not jurisdictional and is therefore subject to equitable tolling. Accordingly, we will reverse the district court's order and remand the cause to the district court.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

13