OPINION
PER CURIAM.
Irwin and Pearl Jacobowitz appeal from the District Court’s order dismissing their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Appellee M & T Mortgage Corporation (“M & T”) moves for summary action. For the following reasons, we will grant the motion and summarily affirm the District Court’s order.
I.
The Jacobowitzes owned a home in Hawley, Pennsylvania. In 1999, the Jaco-bowitzes entered into a mortgage agreement with M & T to secure a loan on the property. Several years later, M & T commenced foreclosure proceedings against them which ultimately resulted in the sale of their home at a July 18, 2008 sheriffs sale.
On July 13, 2009, the Jacobowitzes filed a complaint in the United States District Court for the Middle District of Pennsylvania. In the complaint, the Jacobowitzes alleged that M & T had: (1) violated their due process rights during the state-court foreclosure proceedings; (2) violated the Truth in Lending Act (“TILA”), 15 U.S.C. § 1501, et seq., by failing to disclose certain terms of their mortgage; and (3) engaged in fraudulent and deceptive mortgage practices in violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, 73 Pa. Cons.Stat. § 201-1, et seq. The complaint also named as defendants Weichert Realtors, who had allegedly “presented a buyer” for the property at the sheriffs sale, and two unidentified defendants, John and Jane Doe.
The matter was referred to a Magistrate Judge, who recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge *227 also suggested that it was not necessary to give the Jacobowitzes an opportunity to amend the complaint before dismissing it because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). The Jacobowitzes were invited to respond to the Magistrate Judge’s Report and Recommendation, but did not do so. By order entered October 5, 2009, the District Court adopted the Report and Recommendation and dismissed the complaint. This appeal followed.[1]
M & T has filed a motion for summary affirmance of the District Court’s order. After a careful review of the record, we conclude that the appeal presents “no substantial question” under Third Circuit LAR 27.4 and I.O.P. 10.6. Therefore, we will grant M & T’s motion.
II.
A. Due Process Claims Against M & T
In their complaint, the Jacobow-itzes raised several due process claims against M & T pursuant to 42 U.S.C. § 1983. In order to state a valid claim pursuant to § 1983 against M & T, a private corporation, the Jacobowitzes were required to show not only that M & T violated their federal rights, but also that it did so while acting under color of state law. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.1995). The complaint does not, however, contain any allegations suggesting that M & T was acting under color of state law in effectuating the foreclosure judgment. Therefore, the Magistrate Judge correctly concluded that M & T was not a proper defendant under 42 U.S.C. § 1983, and the District Court’s dismissal of the Jacobowitzes’s due process claims was proper.
B. TILA Claims Against M & T
The District Court’s dismissal of the Jacobowitzes’s TILA claims was likewise proper. In the complaint, the Jaco-bowitzes alleged that M & T violated 15 U.S.C. §§ 1638(a), 1632(a), and 1605 by failing to disclose: (1) that their annual percentage rate would fluctuate more than once per year; (2) that they would be charged additional fees and costs without notice; and (3) the correct amount of their mortgage payment. As a result of these violations, the Jacobowitzes alleged, they were entitled to both rescission and money damages.
First, the Magistrate Judge correctly concluded that the Jacobowitzes’s claim for rescission was precluded by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine, which precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments, is implicated when, “in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.” FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996). Here, the Magistrate Judge found that the Jacobow-itzes’s claim for rescission was inextricably intertwined with the Court of Common Pleas’ foreclosure judgment because granting rescission would negate the foreclosure judgment. We agree, as a favorable decision for the Jacobowitzes in the District Court would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage. See In re Madera, 586 F.3d 228 (3d Cir.2009) (holding that Rook-er-Feldman doctrine barred mortgagors’ TILA claims for rescission of mortgage, given that favorable judgment on rescis *228 sion claims would necessarily negate state-court foreclosure judgment).[2]
We also agree with the Magistrate Judge that the Jacobowitzes’s claim for damages under the TILA was time-barred. Pursuant to 15 U.S.C. § 1640(e), TILA claims for money damages must be brought within one year of the date of the mortgage, unless they are brought as a defense to an action to collect the debt. Id.; see also Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 500-01 (3d Cir.1998). The mortgage at issue here was entered into in 1999, approximately ten years before the Jacobowitzes commenced this action, and this action is not an action to collect a debt. Therefore, the District Court correctly concluded that the Jacobowitzes’s TILA claim for damages was untimely.

C.Claims Against Weichert Realtors and John and Jane Doe

Next, we see no error in the Magistrate Judge’s decision to dismiss Weichert Realtors from the case. As the Magistrate Judge explained, the only reference made in the complaint to Weichert Realtors is in the “Parties” section, where the Jacobow-itzes state solely that Weichert Realtors was the real estate agency that presented a buyer for their property, presumably at the sheriffs sale. Without any other allegations of wrongdoing, the complaint could not be read to state a claim against this defendant. Therefore, the District Court’s dismissal of this defendant was proper.
The District Court also properly dismissed the Jacobowitzes’s claims against John and Jane Doe, as the complaint does not contain any allegations whatsoever against these unidentified parties.
D. Opportunity to Amend the Complaint
On appeal, the Jacobowitzes also argue that the District Court erred in dismissing their complaint without first giving them a chance to amend it. In making this argument, however, the Jaco-bowitzes fail to identify what specific allegations they would have made had they been given an opportunity, nor do they explain how those allegations would have saved their complaint. Furthermore, we note that the Jacobowitzes were given ten days to file objections to the Magistrate Judge’s Report and Recommendation, but declined to do so. Under these circumstances, we cannot conclude that the District Court abused its discretion by dismissing the complaint without providing the Jacobowitzes with an opportunity to amend it.
E. State-law Claims Against M &T
Finally, we see no error in the District Court’s decision to decline to exercise supplemental jurisdiction over the Jaco-bowitzes’s claims under the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, 73 Pa. Cons.Stat. § 201-1, et seq., as this Court has made clear that, “where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.” Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995) (emphasis in original). Given that, in this case, the *229 District Court agreed with the Magistrate Judge’s recommendation to dismiss all of the federal claims over which it had jurisdiction, and there were no other particular considerations of fairness brought to its attention, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over the Jacobow-itzes’s state law claims.
III.
For the reasons set forth above, we will grant M & T’s motion for summary action and summarily affirm the District Court’s order. See Third Cir. LAR 27.4 and I.O.P. 10.6.

. We have jurisdiction over this appeal pursu-antto 28 U.S.C. § 1291.

. To the extent that the complaint contained a free-standing request to vacate the state-court foreclosure judgment, as well as a related order entered in the Jacobowitzes’s bankruptcy case, the Magistrate Judge correctly concluded that any such request would be precluded by the Rooker-Feldman doctrine.