**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2884
_____

LA MAR GUNN,
                            Appellant

v.

FIRST AMERICAN FINANCIAL CORPORATION; DOUGLAS A. SHACHTMAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-00174)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2013
Before:  RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Opinion filed: November 19, 2013)
_____

OPINION
_____

PER CURIAM

        La Mar Gunn, proceeding pro se, appeals from the District Court's order

dismissing his complaint.  We will vacate-in-part, affirm-in-part, and remand to the

District Court.

The facts are well-known to the parties, so we set forth only those pertinent to this appeal. Gunn lost his property in Bear, Delaware through a foreclosure action. On February 1, 2013, he filed a complaint alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), as well as breach of contract, against First American Financial Corporation ("First American"). First American provided Gunn with title and settlement services in connection with the foreclosed property. Gunn also asserted a claim of legal malpractice against Douglas A. Shachtman, Esquire, who represented him in state court proceedings related to the foreclosure. Gunn sought monetary damages from both parties.

Because Gunn was proceeding in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Shachtman also filed a motion to dismiss. The District Court concluded that Gunn's claims under RESPA, TILA, and for breach of contract were time-barred, and dismissed them as frivolous pursuant to § 1915(e)(2)(B)(i). (Dkt. No. 14, pp. 6-7.) Shachtman's motion to dismiss was granted on the basis of improper joinder pursuant to Federal Rule of Civil Procedure 20(a)(2), and the legal malpractice claim was dismissed without prejudice. (Id. p. 9.) Gunn timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court correctly noted that claims under RESPA and TILA must be brought within one to three years of the alleged violation. See, e.g., 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA). Gunn alleged that his loan was finalized on April

17, 2006, thereby ending his relationship with First American. The District Court concluded that his RESPA and TILA claims against First American were time-barred, as his complaint was not filed until February 1, 2013, far outside of the applicable time frame. (Dkt. No. 3, p. 7.) The District Court also correctly determined that the statute of limitations in Delaware for breach of contract claims is three years. Del. Code Ann. tit. 10, § 8106(a). Gunn alleged that First American breached its contract on March 6, 2006, when it issued the title insurance policy on the foreclosed property. The District Court concluded that the claim was similarly time-barred. (Id.)

Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002), a complaint can be dismissed for failure to state a claim if the allegations show that relief is barred under the relevant statute of limitations. See Jones v. Bock, 127 S.Ct. 910, 920-21 (2007) (recognizing that "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). Thus, a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run. However, if a complaint is vulnerable to such a dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. Id.

3

at 236. If a pro se plaintiff can cure his factual allegations in order to state a claim, he should be given an opportunity to do so.

On appeal, Gunn argues that the District Court erred by dismissing his RESPA, TILA, and breach of contract claims sua sponte. He argues that the statutes of limitations for TILA, RESPA, and breach of contract are subject to equitable tolling because First American concealed its fraudulent conduct, such that he could not have discovered it within the applicable time periods. The District Court did not consider whether equitable tolling applied and dismissed Gunn's claims against First American as frivolous. Gunn argues that he should have been granted leave to amend his complaint before it was dismissed. We agree.

Gunn is correct that fraudulent concealment can serve to toll the statutes of limitations at issue here. See EBS Litig. LLC v. Barclays Global Investors, N.A., 304 F.3d 302, 305 (3d Cir. 2002) (Delaware recognizes fraudulent concealment as a source of equitable tolling); Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998) (TILA's statute of limitations "is not jurisdictional and is therefore subject to equitable tolling"); Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 516 (E.D. Pa. 2009) (explaining why, under Ramadan, equitable tolling applies to RESPA claims). For a statute of limitations to be tolled due to a First American's fraudulent concealment, Gunn needed to prove that (1) First American actively misled him respecting his claim; (2) First American prevented him from recognizing the validity of the claim within the limitations period; and (3) he used reasonable diligence in uncovering the relevant facts

4

that formed the basis of his claim.  <u>Poskin v. TD Banknorth, N.A.</u>, 687 F. Supp. 2d 530, 551 (W.D. Pa. 2009).

The District Court should have granted Gunn leave to amend his complaint to include his allegations of fraudulent concealment.[1]  Such an amendment would not have been inequitable, as First American hadn't even entered an appearance in the case; nor would it have been futile, as a properly pleaded claim of fraudulent concealment could serve to equitably toll some, if not all, of the statutes of limitations imposed by the District Court.  Though Gunn's brief is replete with allegations of fraudulent concealment, we express no opinion on their merits.[2]  The District Court should consider them in the first instance.  We will, therefore, vacate the dismissal of Gunn's claims against First American.

We will, however, affirm the District Court's dismissal of the legal malpractice claim against Shachtman.  We agree that joinder was inappropriate under Rule 20.  There were no common questions of law or fact pertaining to First American and Shachtman.

---

[1] Allegations of fraudulent concealment must meet the requirements of Federal Rule of Civil Procedure 9(b).  Therefore, plaintiffs must plead fraudulent concealment with particularity.  <u>Byrnes v. DeBolt Transfer, Inc.</u>, 741 F.2d 620, 626 (3d Cir. 1984); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "The plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007).

[2] First American did not enter an appearance or file anything in the District Court, nor has it entered an appearance or filed an answering brief in this Court.

<u>See</u> Fed. R. Civ. P. 20(a)(2)(B).  As the District Court recognized, Gunn's complaint was "in reality two complaints, each of which is legally unrelated to the other."  (Dkt. No. 14, p. 8.)  The District Court properly declined to exercise supplemental jurisdiction and dismissed the claim against Shachtman without prejudice to Gunn's filing a new complaint, if and when appropriate.[3]

For the foregoing reasons, we will affirm the District Court's dismissal of the legal malpractice claim.  We will vacate the dismissal of Gunn's TILA, RESPA, and Delaware breach of contract claims and remand to the District Court for consideration of the issue of equitable tolling after Gunn has filed an amended complaint.

---

[3] The District Court aptly pointed out that "a purely state law case alleging malpractice is better managed by the state courts."  (Dkt. No. 14, p. 9.)