**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2911
_____

SOLOMON MARCELLUS MILLER,
HOME OWNER,

Appellant

v.

ANALYST TODD BURT, OF RELIANCE FIRST CAPITAL LLC;
BROKER ROB MAHALLATI, OF PHILADELPHIAHOUSE.COM;
BANK OF AMERICA; M&T BANK; ANALYST MANDY MAHALLATI,
OF PHILADELPHIAHOUSE.COM

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-03044)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: March 14, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Solomon Marcellus Miller appeals the District Court's dismissal of his amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm.

## I.

As an initial matter, we will address two motions pending before us: Appellant's motion to substitute Orlando A. Acosta as Appellant, and a motion for a mortgage audit filed by Orlando Acosta for Appellant Solomon Miller.

In the first motion, Miller—who is proceeding pro se on appeal—asks us to consider Acosta as his attorney-in-fact via an attached durable power of attorney, to allow Acosta to "argue for" him, and to designate Acosta as the Appellant for all proceedings moving forward. When Acosta filed a Reply Brief on December 7, 2018, the Clerk issued an order on December 19, 2018, stating that no action would be taken on the submission because Acosta is not a licensed attorney and he therefore cannot represent Miller on appeal. We surmise that Miller's motion is in response to the Clerk's order, as the December 7 Reply Brief is attached to the motion. In any event, we will reiterate what the Clerk stated in the December 19 order: as Acosta is not a licensed attorney, he cannot represent Miller in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel*[.]" (emphasis added)); Osei–Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause [pro se] means to appear for one's self, a person may not appear on another person's

2

behalf in the other's cause."); <u>Johns v. Cty. of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) (reasoning that a general power of attorney does not allow a non-attorney to assert constitutional claims vicariously).

To the extent Miller is attempting to substitute Acosta as a party under Rule 43(b), Fed. R. App. P., "[a] Rule 43(b) substitution is appropriate only where necessary, which means that a party to the suit is unable to continue, such as where a party becomes incompetent or a transfer of interest in the company or property involved in the suit has occurred." <u>Kater v. Churchill Downs Inc.</u>, 886 F.3d 784, 789 n.4 (9th Cir. 2018) (internal quotations omitted). While Miller maintains that he has "transferred all legal rights of/to my property to" Acosta, all that is before us is a durable power of attorney that allows Acosta to make decisions *on Miller's behalf* with regard to the property. Moreover, Miller has not shown he is unable to continue to litigate. Thus, to the extent this was a motion pursuant to Rule 43(b), we deny it on those grounds as well. <u>See</u> <u>AngioDynamics, Inc. v. Biolitec, Inc.</u>, 775 F.3d 550, 554 (2d Cir. 2015) ("[S]ubstitution under Rule 43(b) is permissible only when 'a party to the suit is unable to continue to litigate' and not when 'an original party has voluntarily chosen to stop litigating.'" (quoting <u>Ala. Power Co. v. ICC</u>, 852 F.2d 1361, 1366 (D.C. Cir. 1988))).

For the foregoing reasons, we deny the first motion and we do not consider the Reply Brief attached to it. Consequently, we need not take any action on the second motion (the motion for a mortgage audit), or on any of Acosta's additional filings, as Acosta is not a party to this appeal.

3

## II.

Shifting focus to the matter before us, Miller brought suit over a mortgage contract he executed in 2011. In February 2013, the mortgage was allegedly assigned to M&T Bank without Miller's knowledge. This assignment is the factual basis for Miller's various causes of action, including violations of criminal statutes 18 U.S.C. §§ 242, 1341, & 1343, the Emergency Banking Act of 1933, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Truth in Lending Act (TILA), and a state law claim for intentional infliction of emotional distress. He filed his action and a motion to proceed *In Forma Pauperis* (IFP) with the District Court on July 20, 2018. The District Court granted Miller's IFP motion, but dismissed the action, with leave to amend, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Miller filed his amended complaint against Todd Burt of Reliance First Capital, Rob and Mandy Mahallati of Philadelphiahouse.com, Bank of America, and M&T Bank (collectively, Appellees) raising the same claims. The District Court dismissed Miller's amended complaint with prejudice. Miller now appeals.

## III.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). See id. "[A]

4

complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id. "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Initially, we note that M&T Bank argues in its brief that Miller has failed to preserve any issues on appeal. We agree, in part. Miller makes no argument on appeal challenging the District Court's determination that his claim under 18 U.S.C. § 242 does not provide a basis for civil liability, nor does he brief the state law intentional infliction of emotional distress claim. Consequently, he has effectively waived any challenge to the District Court's rulings on these matters.[1] See FDIC v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000) (finding an issue not raised in opening brief on appeal was waived and would not be addressed); see also Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." (internal quotation marks

---

[1] Miller also argues, for the first time on appeal, that his First and Fourteenth Amendment rights have been violated. We need not address these arguments. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting we will only consider on appeal the record and facts that were also presented to the District Court).

omitted)).

Turning to the substantive issues before us, we discern three claims in Miller's brief: Miller's claims of violations of the Emergency Banking Act of 1933, RICO, and TILA.

## A. Emergency Banking Act of 1933

Miller briefly argues Appellees have violated the Emergency Banking Act of 1933. However, as the District Court noted, his complaint "does not describe, and the Court cannot discern, how [Appellees] have violated this Act." Dkt. #8. Miller's arguments on appeal are similarly devoid of explanation, as he merely cites to "senate Document No. 43, 73rd Congress, 1st Session" and "HR 149, p. 83" from March 9, 1933, and does not elaborate on how these documents show any violation of the Act. Accordingly, we agree with the District Court that his complaint failed to state a cognizable claim for relief. See Fleisher, 679 F.3d at 120.

## B. RICO

Miller asserts that Appellees have violated RICO by committing mail and wire fraud. "The RICO statute provides for civil damages for 'any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962].'" Tabas v. Tabas, 47 F.3d 1280, 1289 (3d Cir. 1995) (quoting 18 U.S.C. § 1964(c)) (alteration in original). In order to establish a RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L v. Imrex Co., 473 U.S. 479, 496 (1985). A pattern of racketeering activity is established by showing that

6

the defendants engaged in at least two predicate acts within ten years of each other. See

18 U.S.C. § 1961(1) & (5). These predicate acts may include federal mail fraud under 18

U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343.[2] See id.

Upon review of the amended complaint, we agree with the District Court that

Miller failed to adequately plead a pattern of racketeering acts. Indeed, the amended

complaint only vaguely suggests that "a lot of times" fraud is involved with property

transactions, and references the 2008 housing bubble as a "prime example" of this

contention. Am. Compl. 8.[3] In an attachment titled "Affidavit of Truth," Miller

maintains that Appellees committed mail fraud by sending unsigned documents through

the mail. Am. Compl. 25. The rest of the amended complaint contains comparably

vague assertions and conclusory statements that fraud is present. Similarly, on appeal,

Miller notes that M&T Bank was sued by the Department of Justice for fraudulent FHA

mortgages in 2016, and then notes that *he* has a FHA mortgage contract—apparently as

further proof that fraud has occurred in this case. Appellant's Br. 3. These averments

fall well short of the requirement that pleaded facts be "sufficient to show that the

plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203,

---

[2] The District Court held that 18 U.S.C. §§ 1341 & 1343 do not provide a basis for civil liability by themselves. We understand, however, that Miller was attempting to use these statutes as a means to establish a civil RICO claim, not attempting to hold Appellees civilly liable for violations of the criminal statutes by themselves. Either way, Miller cannot prevail.

[3] We use the pagination given to the amended complaint by the CM/ECF docketing system, as the document itself does not have consistent page numbers.

7

211 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). Bare allegations such as these are insufficient to state a claim, especially given that a RICO predicate act of mail or wire fraud must be pleaded with even greater particularity. See Fed. R. Civ. P. 9(b); Lum v. Bank of Am., 361 F.3d 217, 223–24 (3d Cir. 2004), abrogated in part on other grounds by Twombly, 550 U.S. at 557.

## C. TILA

Finally, Miller alleges that Appellees violated TILA. "The purpose underlying TILA is 'to assure meaningful disclosure of credit terms . . . and to protect the consumer against inaccurate and unfair' practices." Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 502 (3d Cir. 1998) (quoting 15 U.S.C. § 1601). TILA was enacted to protect consumers from the use of fraudulent or otherwise confusing practices by unscrupulous lenders. Id. TILA claims are subject to a one or three year limitations period, depending on the nature of the alleged violation. See 15 U.S.C. § 1640(e). However, the statute of limitations contained in § 1640(e) is subject to equitable tolling. Ramadan, 156 F.3d at 505. "Equitable tolling permits a plaintiff to sue after the statutory time period for filing a complaint has expired (1) [if] the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) [if] the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) [if] the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig., 795 F.3d 380, 400 (3d Cir. 2015) (internal quotation marks omitted) (alterations in original).

8

Here, the District Court determined that Miller's claims were time-barred.  We agree.  Miller's allegations stem from the closing on his mortgage in 2011 and the assignment of the mortgage to M&T Bank in 2013—both well outside the limitations period.  See 15 U.S.C. § 1640(e).  Moreover, Miller did not include any plausible allegations in the amended complaint that would serve to equitably toll the statute of limitations, despite the District Court's explicit invitation to do so.[4]  See Ramadan, 156 F.3d at 505; In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig., 795 F.3d at 400.

**IV**.

Accordingly, for the foregoing reasons, we will affirm the District Court's judgment.  As noted above, we deny Miller's motion to substitute Orlando A. Acosta as Appellant, and we take no action on any filings by Orlando Acosta, including the motion for a mortgage audit.

---

[4] The District Court highlighted the fact that it appeared any TILA claims were time-barred in its first order of dismissal, but gave Miller leave to amend to assert plausible allegations that would serve to toll the statute of limitations.