**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2758
_____

JEFFREY M. BELLO,
                                        Appellant

v.

CAPITAL ONE BANK USA N.A.; CAPTITAL ONE FINANCIAL CORP.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:20-cv-01218)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 16, 2024
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Pro se Appellant Jeffrey Bello appeals the District Court's orders dismissing

various claims pursuant to 28 U.S.C. § 1915(e)(2), denying his motion to amend his

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

complaint, and granting summary judgment in favor of the Defendants, Capital One Bank USA N.A. and Capital One Financial Corporation (collectively, "Capital One"). For the reasons that follow, we will affirm the judgment of the District Court.

## I.

In August 2006, Bello opened a joint personal and business credit card account with Capital One. According to Bello, Capital One converted the card to a purely personal account in January 2016.[1] In December 2017, after Bello failed to timely pay his November credit card bill, Capital One increased the interest rate to above 30%. Bello attempted to resolve the issue with Capital One, and his rate was lowered by the end of 2018. In February 2020, Bello filed a civil action in forma pauperis against Capital One claiming that they charged him an illegal interest rate and fees, falsely reported to credit agencies that he made late payments on his credit card, and falsely billed and called him for debts that were not owed.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), broadly construing it to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., as amended by the Credit CARD Act of 2009, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The District Court determined that Bello had sufficiently asserted a claim under the CARD Act but dismissed his remaining allegations without prejudice for failure to state a claim.

---

[1] Capital One maintained that Bello's card was never converted to a personal card and always remained a small business account. See, e.g., D.Ct ECF No. 85-5 at 2.

After Capital One filed an answer to the surviving CARD Act claim, Bello moved to amend his complaint and provide additional support for claims pursuant to the FCRA, the FDCPA, 12 U.S.C. § 86 (Usurious Interest), 41 U.S.C. § 6503 (Breach or Violation of Required Contract), and the New Jersey Consumer Fraud Act. The District Court denied the motion to amend as futile, finding that Bello's proposed amended complaint still failed to state a claim for the alleged violations. Bello's FCRA, FDCPA, 41 U.S.C. § 6503, and Fraud Act claims were dismissed with prejudice. Bello's claim under 12 U.S.C. § 86 was dismissed without prejudice.

At the conclusion of protracted discovery proceedings, the parties filed cross-motions for summary judgment. Finding Bello's sole remaining CARD Act claim to be barred by the statute of limitations, the District Court granted summary judgment in favor of Capital One. Bello filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[2] and exercise plenary review over both the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and subsequent grant of summary judgment. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] Although the District Court dismissed Bello's 12 U.S.C. § 86 claim without prejudice, it nevertheless constitutes a "final" decision under § 1291 as the statute of limitations would prevent refiling. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987).

Civ. P. 56(a). The denial of leave to amend a pleading, meanwhile, is reviewed for abuse of discretion, though we review de novo any determination that amendment would be futile. See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

We turn first to Bello's assertion that the District Court "erred by removing five [of] Plaintiff's six counts prior to discovery and without review of supporting documents; pursuant to 28 U.S.C. § 1915(e)(2)." 3d Cir. ECF No. 13 at 1. However, beyond mere disagreement and conclusory assertions of error, Bello's opening brief fails to address any of the specific rationales noted by the District Court in its opinion or to develop any specific argument or cite any case law demonstrating how the District Court erred in the screening of his complaint. He has thus forfeited any issues concerning the dismissal without prejudice of his various claims. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").[3]

Bello also argues that the District Court erred in denying him leave to amend his complaint. Although leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), that leave may be denied if amendment would be futile. See

---

[3] Even if we were to construe Bello's briefing as adequate to challenge the District Court's order, we discern no error. For the reasons stated in the District Court's opinion, we agree that Bello's initial complaint was insufficient to make out any claim beyond the surviving CARD Act claim.

4

Foman v. Davis, 371 U.S. 178, 182 (1962). As the District Court explained, Bello's

proposed amended complaint failed to cure the pleading deficiencies previously

identified in the original complaint,[4] and failed to adequately allege a claim under 12

U.S.C. § 86.[5] Accordingly, granting Bello's motion to amend would have been futile,

and the District Court did not abuse its discretion in denying such relief and dismissing

certain claims with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108

(3d Cir. 2002).

---

[4] Notably, we agree that Bello's proposed amended complaint failed to adequately plead a claim under the FCRA. See SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011). Nothing in the proposed amended complaint, or in Bello's many attachments thereto, addressed one of the deficiencies noted as to the original complaint – "the failure to allege that Capital One failed to undertake a reasonable investigation." D.Ct. ECF No. 37 at 5. Bello has made no argument on appeal challenging that finding. Further, his conclusory assertion that he was billed for debts that were not owed was insufficient to state a claim under the FDCPA. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Finally, Bello's opening brief makes no discernable arguments challenging the District Court's denial of leave to amend as to his claims alleging violations of 41 U.S.C. § 6503 and the New Jersey Consumer Fraud Act. Nonetheless, we have reviewed the District Court's reasoning and find no abuse of discretion in its decision as to those claims.

[5] Although Bello's claim under 12 U.S.C. § 86 was dismissed without prejudice, Bello failed to seek further amendment. To the extent that Bello's opening brief can be read as challenging the dismissal of that claim, we agree with the District Court that the allegations contained in the proposed amended complaint failed to state a plausible claim for relief. Section 86 prohibits national banks from charging a rate of interest greater than that allowed by 12 U.S.C. § 85. Bello's proposed amended complaint failed to allege that the rate charged by Capital One exceed the greater of the two maximum allowable rates contemplated by that provision. Bello attempts to present further support for his claim for the first time on appeal by asserting that New Jersey caps personal credit card interest rates at 29.9%. Even were it proper for this Court to consider evidence not presented to the District Court, Bello still fails to state a claim, as he has not alleged that such a rate is the greater of the two rates contemplated by 12 U.S.C. § 85.

5

Finally, the District Court did not err in granting summary judgment in favor of Capital One on Bello's CARD Act claim. Bello alleged that Capital One violated TILA, as amended by the CARD Act, by increasing the interest rate on his outstanding credit card balance in December 2017 without appropriate notice. See 15 U.S.C. §§ 1666i-1(a) and 1637(i)(1). Such claims are subject to TILA's one-year limitations period, see 15 U.S.C. § 1640(e), which may be equitably tolled in appropriate cases, see Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 504 (3d Cir. 1998). For the reasons stated by the District Court, see D.Ct. ECF No. 90 at 3-5, we agree that Bello's claim, which accrued in December 2017, was barred by TILA's statute of limitations. We further agree that Bello was not entitled to equitable tolling to save his claim.

Bello asserts on appeal that the District Court "erred in deciding against Plaintiff regarding the Credit CARD Act, as the basis for the District Court's opinion was that the Plaintiff's Capital One credit card was not a 'consumer card,' when in fact it was from January 20, 2016." 3d Cir. ECF No. 13 at 11. This assertion is simply false. The District Court specifically found "that there is a question of fact as to whether Plaintiff's account was an open-end consumer account and thus subject to the requirements under the CARD Act and TILA." D.Ct. ECF No. 90 at 3. That factual dispute, however, was not material to the District Court's grant of summary judgment. Rather, the District Court accepted as true Bello's disputed assertion that his credit card was a personal account and that the Act – and hence its limitations period – applied to his claims. D.Ct. ECF No. 90 at 3-4.

6

Bello also asserts that the District Court erred in concluding that he was not entitled to equitable tolling of the limitations period because it "failed to include Defendants' continual statements made to the Plaintiff, and actions to imply a resolution was forthcoming." 3d Cir. ECF No. 13 at 13. We disagree.

Equitable tolling is to be "applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Its use is appropriate in three principal, though non-exclusive, circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 442, 428 (3d Cir. 2018) (en banc). We agree with the District Court that Capital One's attempts to work with Bello to resolve his complaints did not amount to an attempt to actively mislead him as to his cause of action, or prevent him in some extraordinary way from asserting his rights. D.Ct. ECF No. 90 at 5. This is particularly true where, as here, Bello was aware of the claim and of his right to file suit while pursuing an alternative resolution with Capital One.

Further, Bello's assertion that his claim did not accrue until April 2019 lacks merit. A cause of action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the alleged violation occurred in December 2017, when Capital One raised Bello's interest rate without providing adequate notice as required by the Act. Bello admitted that he was aware in

7

December 2017 that his interest rate had increased, and represented to Capital One during phone calls in February 2018 that he was going to file suit against them but had not yet done so because he was involved in other unrelated disputes. D.Ct. ECF No. 90 at 4-5 (citing D.Ct. ECF No. 85-8 at 9:17-20). Bello clearly had knowledge of the potential claim and was aware of his right to file suit. His assertion that a new statute of limitations began to run as to the CARD Act claim because of additional disputed credit reporting made by Capital One in 2019 simply lacks merit.

Accordingly, we will affirm the District Court's judgment.[6]

---

[6] To the extent that the scattered and passing references to discovery disputes and sanctions in Bello's opening brief constitute an attempt to appeal the District Court's discovery orders and denial of sanctions, they are not adequate to preserve any issue for appeal regarding those orders. See In re Wettach, 811 F.3d at 115. In any event, we discern no abuse of discretion in the District Court's discovery rulings or its denial of sanctions. See Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 778 (3d Cir. 2000) (discovery); DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005) (sanctions).